PEOPLE v NANTELLE

Docket Nos. 164219, 164609. Submitted October 5, 1995, at Marquette. Decided January 12, 1996, at 9:35 A.M. Leave to appeal sought.

Carl R. Nantelle, Jr., was convicted by a jury in the Delta Circuit Court, William A. Hupy, J., of attempted second-degree criminal sexual conduct. He then pleaded guilty of operating a motor vehicle while under the influence of intoxicating liquor, second offense. The court sentenced him to two to five years in prison for the former conviction and one year in the county jail for the latter conviction and ordered that the sentences be served consecutively. The defendant appealed from both convictions. The appeals were consolidated.

The Court of Appeals *held:*

1. The trial court erred in imposing consecutive sentences. Although, with regard to the subsequent offense, the defendant was charged originally with OUIL, third-offense, a felony, he pleaded guilty of OUIL, second-offense, a misdemeanor. His subsequent conviction was not for a felony and therefore consecutive sentences were not authorized by MCL 768.7b(2); MSA 28.1030(2)(2), which authorizes consecutive sentences only if the subsequent conviction is for a felony. The sentences must be amended to run concurrently.

2. The sentence for the conviction of attempted second-degree criminal sexual conduct was proportionate.

3. The trial court properly scored fifteen points for Offense Variable 7 on the basis that the defendant exploited the victim because of the victim's youth and abused his position of authority over the victim, his stepdaughter.

4. The trial court did not abuse its discretion in admitting the rebuttal testimony of the victim's mother that tended to refute or contradict evidence introduced by the defendant.

5. Prosecutorial misconduct did not occur with regard to the prosecution's attempts to bolster the victim's testimony. The remaining arguments regarding prosecutorial misconduct were not preserved for appeal. Appellate review of those arguments

REFERENCES

Am Jur 2d, Criminal Law §§ 551-552.

See ALR Index under Concurrent and Consecutive Sentences.

is precluded because a curative instruction would have eliminated any possible prejudicial effect that may have resulted and the failure to consider the issue will not result in a miscarriage of justice.

6. The record does not support the defendant's claim that he did not receive effective assistance of counsel.

Convictions affirmed, sentences affirmed but modified to run concurrently.

1. CRIMINAL LAW — SENTENCING — SUBSEQUENT FELONIES — CONSECUTIVE SENTENCES.

A person who, pending the disposition of a felony charge, commits a subsequent felony and is convicted thereof may be sentenced to serve the sentences for the prior and subsequent felony convictions consecutively; consecutive sentences are not appropriate where the subsequent offense charged is a felony but the defendant is convicted of a misdemeanor (MCL 768.7b[2]; MSA 28.1030[2][2]).

2. CRIMINAL LAW — SENTENCING GUIDELINES — CRIMINAL SEXUAL CONDUCT — OFFENSE VARIABLES.

A score of fifteen points for Offense Variable 7 is proper where the offender charged with criminal sexual conduct has exploited the victim because of the victim's youth or through an abuse of the offender's authority status.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Thomas L. Smithson,* Prosecuting Attorney, and *William E. Molner,* Assistant Attorney General, for the people.

*McDonald, Marin & Kipper* (by *Eva A. Kipper*), and Carl R. Nantelle, Jr., in propria persona.

Before: SAWYER, P.J., and MURPHY and W. G. SCHMA,* JJ.

MURPHY, J. A jury convicted defendant of attempted second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a) (sexual contact with victim under thirteen years of age), and defendant pleaded guilty of operating a motor

---

* Circuit judge, sitting on the Court of Appeals by assignment.

vehicle while under the influence of intoxicating liquor, second offense, MCL 257.625(5); MSA 9.2325(5) (now MCL 257.625[7][b]; MSA 9.2325[7] [b]). The trial court sentenced defendant to imprisonment for two to five years for the attempted second-degree criminal sexual conduct conviction and to one year in the county jail for the OUIL second-offense conviction. The trial court ordered the sentences to run consecutively. Defendant appealed as of right from both convictions, and the appeals were consolidated. We affirm defendant's convictions and sentences, but order the sentences amended to run concurrently.

Defendant raises numerous arguments on appeal. We conclude that only his argument that the trial court erred in imposing consecutive sentences has merit.

I

Defendant argues that the trial court improperly ordered his sentence for OUIL second-offense to run consecutively to his sentence for attempted second-degree criminal sexual conduct. We agree.

A consecutive sentence may be imposed only if specifically authorized by statute. *People v Chambers,* 430 Mich 217, 222; 421 NW2d 903 (1988). The trial court did not cite any statutory authority for imposing consecutive sentences. However, the prosecutor argues on appeal that it was proper for the trial court to impose consecutive sentences pursuant to MCL 768.7b(2); MSA 28.1030(2)(2), which provides in pertinent part:

Beginning January 1, 1992, if a person who has been charged with a felony, pending the disposition of the charge, commits a subsequent offense that is a felony, upon conviction of the subsequent

offense or acceptance of a plea of guilty, guilty but
mentally ill, or nolo contendere to the subsequent
offense, the following shall apply:

(a) Unless the subsequent offense is a major
controlled substance offense, the sentences im-
posed for the prior charged offense and the subse-
quent offense may run consecutively.

Defendant argues that the trial court erred in
imposing consecutive sentences because, although
he was charged with OUIL third-offense, a felony,
he pleaded guilty of OUIL second-offense, a misde-
meanor, and his subsequent conviction was, there-
fore, not for a felony as required by MCL 768.7b(2);
MSA 28.1030(2)(2). Because consecutive sentences
may be imposed only when authorized by statute,
we must determine whether MCL 768.7b(2); MSA
28.1030(2)(2) authorizes consecutive sentences in
this case. Specifically, we must determine whether
the statute permits consecutive sentences only if
the subsequent conviction is for a felony.

The goal of statutory construction is to effect the
intent of the Legislature. *People v Morris,* 450
Mich 316, 325; 537 NW2d 842 (1995). When the
language of a statute is certain and unambiguous,
judicial construction is neither required nor per-
mitted, and courts must apply the statute as writ-
ten. *Turner v Auto Club Ins Ass'n,* 448 Mich 22,
27; 528 NW2d 681 (1995). It is only where a
statute is unclear and susceptible to more than
one interpretation that judicial construction is
allowed. *Morris, supra,* 325.

The language of MCL 768.7b(2); MSA 28.1030(2)
(2) clearly provides that a person who "commits a
subsequent offense that is a felony" and is "con-
vict[ed] of the subsequent offense" pending the
disposition of another felony charge may be sen-
tenced consecutively for the prior charged offense
and the subsequent offense. We believe that the

clear language of the statute authorizes consecutive sentences only if the subsequent conviction is for a felony. In the instant case, defendant's subsequent conviction was not for a felony as required by the statute, and the trial court therefore erred in imposing consecutive sentences.

The prosecution argues that our Supreme Court's decision in *People v Smith,* 423 Mich 427; 378 NW2d 384 (1985), supports its contention that it was proper for the trial court to impose consecutive sentences in this case. In *Smith,* one of the defendants was charged with committing arson of personal property over fifty dollars, a felony. *Id.,* 436. That defendant pleaded guilty of a reduced charge of attempted arson of personal property over fifty dollars, a misdemeanor. *Id.,* 436-437. While awaiting sentencing for his misdemeanor conviction, the defendant committed an attempted breaking and entering, a felony. He pleaded guilty to the charge of attempted breaking and entering. Pursuant to MCL 768.7b(2); MSA 28.1030(2)(2), the trial court imposed consecutive sentences.

The referenced defendant in *Smith* argued that he had to be convicted of the specific felony originally charged to justify consecutive sentences. *Id.,* 449-450. In support of his argument, the defendant pointed to language in the statute that calls for conviction of the "prior charged offense." *Id.,* 450. The Supreme Court rejected the defendant's argument, reasoning:

> Such a reading places undue emphasis upon one word in the statute and ignores others. The statute requires 1) that a person be "charged" with a "felony," 2) that pending the "disposition of the charge" the person commit a subsequent offense which is a felony, and 3) that the person be eventually convicted of the "prior charged offense." The word "offense" as used in the third

clause is broad enough to encompass more than the specific felony originally charged. The phrase "disposition of the charge" is also broad enough to encompass more than just conviction of the specific felony originally charged. The use of these indefinite terms indicates the Legislature's intent that consecutive sentencing be available in a variety of circumstances not restrictively defined in the statute. . . .

The interpretation advocated by defendant would also undermine the purpose of the legislation. This purpose is to deter those charged with one felony from committing another prior to final disposition of the first. Absent such a deterrent, a person could be assured of "one free crime" because of the usual policy of concurrent sentencing. The reading advocated by [the defendant] disregards the practical necessities of the criminal justice system, because many felony charges must be reduced in the process of plea bargaining. To hold that consecutive sentencing is permissible only when the conviction matches the precise initial charge on the first felony would be to emasculate the statute. [*Id.,* 450-451.]

The Supreme Court's holding in *Smith* does not alter our decision in this case for several reasons. First, *Smith* is distinguishable from the instant case. In *Smith,* the issue involved the underlying conviction. In the instant case, the issue involves the subsequent conviction. Moreover, in *Smith,* the subsequent conviction was for a felony, while in the instant case the subsequent conviction was for a misdemeanor. Furthermore, although *Smith* and the instant case involve the same statute, the cases focus on different language in the statute. While judicial construction of the portion of the statute at issue in *Smith* may have been appropriate to interpret some ambiguity in the statute, judicial construction of the portion of the statute at issue in this case is improper because the stat-

ute is clear and susceptible to only one interpretation. *Morris, supra,* 325.

In sum, we conclude that MCL 768.7b(2); MSA 28.1030(2)(2) does not authorize consecutive sentences when a defendant is charged with a felony but convicted of a misdemeanor pending the disposition of another felony. The clear language of the statute provides that a person charged with and convicted of a felony pending the disposition of another felony charge may be sentenced to consecutive sentences. If it is the Legislature's desire to permit consecutive sentences in cases like the instant one, it can amend the statute to so provide. However, as it exists, the statute authorizes consecutive sentences only if the subsequent conviction is for a felony. Because defendant was convicted of a misdemeanor pending the disposition of another felony, the trial court erred in imposing consecutive sentences in this case. Accordingly, we order defendant's sentences amended to run concurrently. MCR 7.216(A)(1) and (7); *People v Cortez,* 206 Mich App 204, 207; 520 NW2d 693 (1994).

II

Defendant next argues that his two- to five-year sentence for attempted second-degree criminal sexual conduct is disproportionate. We disagree. Defendant's two- to five-year sentence exceeds the minimum guidelines range of zero to eighteen months by six months. In sentencing defendant to a minimum sentence in excess of the guidelines range, the trial court, referring to defendant's extensive criminal record, noted that defendant had shown a total disregard for the law and had not learned from his past transgressions. The trial court also noted that defendant's potential for rehabilitation was minimal and that children

needed special protection from him. We have reviewed the record and conclude that defendant's sentence is proportionate in light of the circumstances surrounding the offense and the offender. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

III

Defendant also argues that the trial court erred in assessing him fifteen points for Offense Variable (ov) 7, offender's exploitation of victim's vulnerability. We disagree. Appellate review of scoring decisions is limited. *People v Hoffman,* 205 Mich App 1, 24; 518 NW2d 817 (1994). Appellate courts will uphold scoring decisions if evidence exists to support the score. *People v Hernandez,* 443 Mich 1, 16; 503 NW2d 629 (1993).

The sentencing guidelines provide that a score of fifteen points for ov 7 is proper if the offender exploits the victim because of the victim's youth or an abuse of the offender's authority status. We agree with the trial court that defendant exploited the victim's youth and abused his authority status. At the time of the offense, the victim was only eleven years old and defendant was the victim's stepfather. As the victim's stepfather, defendant was in a position of authority over the victim. He exploited this authority as well as the victim's youth by calling the victim into the bedroom where he was sleeping, asking her for a kiss and hug, and grabbing her hand and attempting to place it on his penis. We reject defendant's arguments that it was improper for the trial court to base the score for ov 7 on the victim's youth because the age of the victim is an element of MCL 750.520c(1)(a); MSA 28.788(3)(1)(a) and on defendant's abuse of his authority status because

the offense already takes into consideration whether there was an abuse of authority. See *People v Cotton,* 209 Mich App 82, 84; 530 NW2d 495 (1995). Under the circumstances, we find that the trial court properly scored defendant fifteen points for ov 7.

IV

Defendant further argues that the trial court abused its discretion in admitting the rebuttal testimony of the victim's mother, Sandra Nantelle. The admission of rebuttal testimony rests within the sound discretion of the trial court, and we will not disturb the trial court's ruling absent a clear abuse of discretion. *People v Bettistea,* 173 Mich App 106, 126; 434 NW2d 138 (1988). Rebuttal evidence is limited to refuting, contradicting, or explaining evidence presented by the other party. *People v King,* 210 Mich App 425, 433; 534 NW2d 534 (1995). Generally, the prosecutor may not introduce evidence in rebuttal that could have been introduced in the case in chief. *Id.*

Defendant introduced evidence that the victim was afraid of defendant for herself and her mother and wanted her mother to divorce him. The implication of this evidence was that the victim may have fabricated the story as a way to get her mother to divorce defendant or to get defendant out of her life. We believe that Sandra's testimony was proper rebuttal testimony. The testimony elicited by the prosecutor from Sandra on rebuttal centered on whether Sandra believed the victim and whether she intended to proceed with a divorce from defendant if defendant was found not guilty. The prosecutor also elicited from Sandra testimony that the victim was placed in foster care after she made the allegations against defendant.

Sandra's testimony tended to refute evidence that the victim fabricated the story to get Sandra to divorce defendant or to get defendant out of her life. If the victim had fabricated the story, as defendant suggests, the plan backfired, because the victim ended up in foster care and Sandra apparently questioned the veracity of the victim's accusations and believed defendant. While it makes sense that the victim may have abandoned the story once it became apparent that it backfired, she did not do so. Thus, we conclude that Sandra's testimony was proper rebuttal testimony because it tended to refute or contradict evidence introduced by defendant, that implied that the victim fabricated the allegations against defendant. Under the circumstances, we cannot conclude that the trial court abused its discretion in permitting the prosecution to introduce Sandra's rebuttal testimony.

V

Defendant next argues that numerous instances of prosecutorial misconduct denied him a fair trial. Defendant specifically argues that the prosecutor repeatedly attempted to bolster the victim's testimony. We have reviewed the record and conclude that there was nothing improper about the prosecutor's conduct in this regard. Defendant also argues that during closing argument the prosecutor improperly vouched for the victim's credibility, commented about defendant's character, appealed to the sympathy of the jury, and stated that defendant was a risk to other children. These allegations of prosecutorial misconduct are not preserved either because defendant failed to object, *People v Stanaway,* 446 Mich 643, 687; 521 NW2d 557 (1994), or because defendant objected on one ground at trial and based his argument on appeal

on a different ground, *People v Stimage,* 202 Mich App 28, 30; 507 NW2d 778 (1993). Appellate review is therefore precluded unless a curative instruction could not have eliminated the prejudicial effect or the failure to consider the issue would result in a miscarriage of justice. *Stanaway, supra,* 687. We conclude that a curative instruction would have eliminated any possible prejudicial effect that may have resulted from the prosecutor's conduct. Our decision not to review the issue will not result in a miscarriage of justice.

VI

Defendant finally argues that he received ineffective assistance of counsel. In *People v Pickens,* 446 Mich 298; 521 NW2d 797 (1994), our Supreme Court adopted the federal standard for determining whether a defendant has been denied effective assistance of counsel as set forth in *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To etablish that the right to effective assistance of counsel was so undermined that it justifies reversal of an otherwise valid conviction, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that the representation so prejudiced the defendant as to deprive him of a fair trial. *Pickens, supra,* 302-303. Because defendant did not move for a *Ginther* [1] hearing or a new trial on the basis of ineffective assistance of counsel, our review is limited to mistakes apparent on the record. *People v Hurst,* 205 Mich App 634, 641; 517 NW2d 858 (1994). We have reviewed the existing record and conclude that it does not support defendant's claim that he did not receive effective assistance of counsel.

Affirmed as modified.

[1] *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).