PEOPLE v PARRISH

Docket No. 188341. Submitted March 20, 1996, at Detroit. Decided April 2, 1996, at 9:10 A.M.

Allen D. Parrish, originally charged at age sixteen in the Tuscola Circuit Court with first-degree criminal sexual conduct, breaking and entering an occupied dwelling with intent to commit criminal sexual conduct, and misdemeanor malicious destruction of property, pleaded nolo contendere to a charge of third-degree criminal sexual conduct. The court, Patrick R. Joslyn, J., departed from the sentencing guidelines minimum range of three to six years' imprisonment and sentenced the defendant to seven to fifteen years' imprisonment. The defendant appealed.

The Court of Appeals *held:*

1. Jurisdiction over the defendant acquired by the circuit court under the automatic waiver statute, MCL 600.606; MSA 27A.606, when the prosecutor chose to authorize a complaint and warrant rather than file a petition in the juvenile division of the probate court with respect to the charge of first-degree criminal sexual conduct, which is among the enumerated felonies subject to automatic waiver, was not lost when the defendant pleaded nolo contendere to the charge of third-degree criminal sexual conduct, a felony not enumerated in the automatic waiver statute. Once a circuit court acquires jurisdiction to try a juvenile as an adult under the automatic waiver statute, it does not lose jurisdiction to sentence the defendant if the defendant pleads guilty of a nonenumerated offense.

2. Automatic waiver under MCL 600.606; MSA 27A.606 and traditional waiver under MCL 712A.4; MSA 27.3178(598.4) and MCR 5.90 are not significantly different for purposes of due process in terms of assuring that probable cause exists and that the eventual disposition, being sentenced as an adult or to state wardship as a juvenile, best serves the interests of the juvenile and the public.

3. The sentence imposed does not violate the principle of proportionality, considering the circumstances surrounding the offense and the offender.

Affirmed.

1. CRIMINAL LAW — JUVENILES — AUTOMATIC WAIVER — CIRCUIT COURT.

   Jurisdiction acquired by a circuit court under the automatic waiver statute to try a juvenile as an adult for a felony enumerated in the automatic waiver statute is not lost by the circuit court if the juvenile pleads guilty or nolo contendere to a felony not enumerated in the automatic waiver statute (MCL 600.606; MSA 27A.606).

2. CRIMINAL LAW — JUVENILES — PROBATE COURT — CIRCUIT COURT — WAIVER OF JURISDICTION.

   Procedural differences between automatic waiver under MCL 600.606; MSA 27A.606 and waiver under MCL 712A.4; MSA 27.3178(598.4) and MCR 5.90 are not significantly different for purposes of due process in terms of assuring that probable cause exists and that the eventual disposition, being sentenced as an adult or to state wardship as a juvenile, best serves the interests of the juvenile and the public.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *James R. Reed*, Prosecuting Attorney, and *Michael E. Moody*, Assistant Attorney General, for the people.

*Robert S. Dombroski*, for the defendant on appeal.

Before: SMOLENSKI, P.J., and MARKEY and P. J. SULLIVAN,* JJ.

PER CURIAM. Defendant, who was sixteen years old at the time of the offense, pleaded nolo contendere to a charge of third-degree criminal sexual conduct, MSA 750.520d; MSA 28.788(4), in exchange for the prosecutor's agreement to dismiss charges of first-degree criminal sexual conduct, breaking and entering an occupied dwelling with intent to commit criminal sexual conduct, and misdemeanor malicious destruction of personal property. At the plea hearing, defendant reserved the right to challenge the constitutionality of MCL 600.606; MSA 27A.606, also known as

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the automatic waiver statute. The trial court sentenced defendant to seven to fifteen years' imprisonment for his conviction of third-degree criminal sexual conduct. Defendant appeals as of right. We affirm.

Defendant contends that the trial court did not have jurisdiction to sentence him because the offense to which he pleaded nolo contendere was not one of the enumerated offenses in MCL 600.606; MSA 27A.606 and because the automatic waiver provision unconstitutionally denied him the due process protections associated with the traditional waiver provision of MCL 712A.4; MSA 27.3178(598.4), including the two-phase waiver hearings set forth in MCR 5.950. We disagree.

Under the automatic waiver statute, MCL 600.606; MSA 27A.606,

> [the] circuit court has jurisdiction to hear and determine a violation of section 83, 89, 91, 316, 317, 520b, 529, or 529a of the Michigan penal code, Act No. 328 of the Public Acts of 1931, being sections 750.83, 750.89, 750.91, 750.316, 750.317, 750.520b, 750.529, and 750.529a, of the Michigan Compiled Laws, or section 7401(2)(a)(i) or 7403(2)(a)(i) of the public health code, Act No. 368 of the Public Acts of 1978, being sections 333.7401 and 333.7403 of the Michigan Compiled Laws, if committed by a juvenile 15 years of age or older and less than 17 years of age.

Contrary to the nomenclature associated with this statute, the waiver of juvenile defendants from the probate court to the circuit court is not automatic even though the juvenile is charged with one of the enumerated offenses. Indeed, the Legislature has given the prosecutor discretion to try juveniles in either forum:

> The juvenile division of the probate court has jurisdiction over a child 15 years of age or older who is charged with a violation of [certain enumerated felonies listed in MCL 600.606; MSA 27A.606] *only if the prosecuting attorney files a petition in juvenile court instead of authorizing a complaint and warrant.* [MCL 712A.2(a)(1); MSA 27.3178(598.2)(a)(1) (emphasis added); see *In re Fultz,* 211 Mich App 299, 311; 535 NW2d 590 (1995).]
>
> If the prosecuting attorney has reason to believe that a juvenile 15 years of age or older but less than 17 years of age has violated [one of the enumerated felonies], *the prosecuting attorney may authorize the filing of a complaint and warrant on the charge with a magistrate concerning the juvenile.* [MCL 764.1f; MSA 28.860(6) (emphasis added); see *People v Cosby,* 189 Mich App 461, 463; 473 NW2d 746 (1991).]

See also *People v Black,* 203 Mich App 428, 429-430; 513 NW2d 152 (1994).

First-degree criminal sexual conduct is one of the felonies enumerated in the automatic waiver statute. Thus, once the circuit court acquires jurisdiction to try the juvenile as an adult under the automatic waiver statute, it does not lose jurisdiction to sentence the defendant if he pleads guilty of a nonenumerated offense. *People v Dean,* 198 Mich App 267, 269-270; 497 NW2d 223 (1993). Accordingly, the fact that defendant pleaded guilty of third-degree criminal sexual conduct in exchange for the dismissal of the first-degree criminal sexual conduct charge did not deny the trial court jurisdiction to sentence defendant. *Id.* at 270.

Although it is not entirely clear from defendant's appellate brief, defendant apparently argues that the normal due process considerations attendant with the traditional procedures used to waive a juvenile from the probate court to the circuit court under MCL

712A.4; MSA 27.3178(598.4) as well as MCR 5.950, which require the probate court to determine whether probable cause exists and whether waiver is in the best interests of the child and the public before granting the waiver, do not accompany a waiver under the automatic waiver statute. Upon review de novo, we disagree. See, e.g., *Feaster v Portage Public Schools*, 210 Mich App 643, 648; 534 NW2d 242 (1995).

Our Supreme Court has found that a juvenile does not have a constitutional right to be treated as a juvenile. *People v Hana*, 443 Mich 202, 220; 504 NW2d 166 (1993). A juvenile defendant waived to the circuit court does, however, receive all appropriate constitutional protections:

> In cases where a juvenile is waived to an adult criminal court, the juvenile is still afforded a right to jury trial and the presumption of innocence, and he is therefore not truly subjected to a harsher penalty *because guilt is not yet established.* . . . Rather, and in derogation of the common law, juvenile justice procedures are governed by statutes and court rules that the probate courts are required to follow in the absence of constitutional infirmity. [*Id.* (emphasis in original).]

After reviewing the statutes and the court rules attending both forms of waiver, we find no constitutionally significant differences between the two. Indeed, a juvenile subject to the automatic waiver statute is arraigned and probable cause is determined before the juvenile is bound over to the circuit court; the only difference between the automatic and traditional waiver procedures is that the probate court does not conduct the probable cause hearing for an automatic waiver case. Cf. MCR 5.950(B)(1).

Also, a juvenile who is waived to the circuit court under either method is entitled to a waiver hearing that focuses on balancing the interests of both the juvenile and the public. *Hana, supra* at 219, 223-224. Compare MCR 5.950 and MCR 6.931. Under the traditional waiver method, the "second phase" hearing is held in the probate court to determine whether the interests of the juvenile and the public would best be served by granting the motion for waiver. MCL 712A.4(4); MSA 27.3178(598.4)(4); MCR 5.950(B)(2). If the juvenile is automatically waived, he is entitled to a juvenile sentencing hearing after he has been convicted in an adult criminal trial or by plea to determine "whether to impose a sentence against the juvenile as though an adult offender or whether to place the juvenile on juvenile probation and commit the juvenile to state wardship." MCL 769.1(3); MSA 28.1072(3); MCR 6.931(E)(3). This "waiver-back" procedure is the equivalent of a second phase hearing under traditional waiver procedures, as mandated by MCL 712A.4(4); MSA 27.3178(598.4)(4) and MCR 5.950(B)(2), and uses the same flexible evidentiary standards even though guilt has been established. *Hana, supra* at 224. Moreover, the same six criteria applied at the second phase hearing under MCR 5.950(B)(2) are applied at the juvenile sentencing hearing under MCR 6.931(E)(3). Thus, we find no significant differentiations between the due process afforded a juvenile under the traditional waiver versus the automatic waiver provisions.[1]

---

[1] We note as an aside, however, that under traditional waiver hearing procedures, once a juvenile is tried as an adult, he must be sentenced as an adult. By comparison, under the automatic waiver hearing procedures, the trial court has discretion in this respect, i.e., it has the option of sen-

Defendant has provided no support for the contention that he was entitled to this dispositional hearing before being waived to the circuit court, and we find no logical support for this argument. Rather, because MCR 6.901(B) precludes a juvenile subject to the traditional waiver provisions from receiving a second phase hearing under MCR 5.950 *and* a waiver-back sentencing hearing under MCR 6.931, the statutes and court rules clearly entitle each juvenile to only one dispositional hearing *before sentencing*. We disagree with any implication that the dispositional hearing must be held before the circuit court accepts jurisdiction over the juvenile because, as we have noted, there is no constitutional right to be treated as a juvenile. *Hana, supra* at 220. Accordingly, we find no merit in defendant's assertion that the automatic waiver statute is constitutionally infirm because it lacks the due process guarantees inherent in the traditional waiver statute.

Next, defendant challenges his sentence as being disproportionate. We disagree. When reviewing challenges to the proportionality of a sentence, this Court is limited to determining whether the lower court abused its discretion by violating the principle of proportionality. *People v Milbourn*, 435 Mich 630, 635-636, 654; 461 NW2d 1 (1990). Here, defendant's sentence of seven to fifteen years' imprisonment exceeds the minimum guidelines range of three to six years' imprisonment by one year. In sentencing defendant to a minimum sentence outside the guideline range, the

tencing the juvenile as an adult or remanding the case to the probate court for disposition. *People v Veling*, 443 Mich 23, 29; 504 NW2d 456 (1993). As a practical matter, therefore, the automatic waiver procedures may result in a less harsh sentence. *Id.*

trial court referred to defendant's history of inappropriate sexual activities and touching with family members, as well as with other women while he was in residential treatment programs designed to remedy this problem. The court also noted that defendant purposely stopped taking his medications, that he committed the crime at issue soon thereafter, that, in light of past unsuccessful attempts, his potential for rehabilitation was grim, and that women and girls needed to be protected from him. Given our review of the record describing defendant's forcible rape of a young girl at knifepoint after breaking into her house in the middle of the night and threatening to kill her if she did not comply, we conclude that defendant's sentence is proportionate considering the circumstances surrounding this offense and this offender. *Milbourn, supra*; see also *People v Nantelle*, 215 Mich App 77, 83-84; 544 NW2d 667 (1996).

Affirmed.