PEOPLE v KOWALSKI

Docket No. 206835. Submitted January 6, 1999, at Grand Rapids. Decided
July 2, 1999, at 9:00 A.M.

Ray Kowalski was convicted by a jury in the Ingham Circuit Court,
Michael G. Harrison, J., of second-degree criminal sexual conduct
involving a child under thirteen years of age, as a result of touching
the victim on her buttocks several times. The prosecution appealed
from the judgment of sentence of two to fifteen years' imprison-
ment, claiming that the court erred in departing downward from
the five-year minimum sentence recommended by the sentencing
guidelines.

The Court of Appeals *held*:

The court's downward departure from the minimum recom-
mended by the guidelines was adequately supported by the court's
articulation on the record. The court considered the young age of
the victim and the seriousness of the defendant's actions and also
the fact that the defendant's conduct, while prohibited by the sec-
ond-degree criminal sexual conduct statute, was not as serious or
severe as many other instances that result in convictions under the
statute. The sentence was not an abuse of discretion.

Affirmed.

GRIBBS, J., dissenting, stated that there are no mitigating factors
in this case. The sentence was disproportionately low. The judg-
ment of sentence should be vacated and the matter should be
remanded for resentencing.

*Jennifer M. Granholm*, Attorney General, *Thomas
L. Casey*, Solicitor General, *Stuart J. Dunnings, III*,
Prosecuting Attorney, and *Samuel R. Smith*, Assistant
Prosecuting Attorney, Chief of Appellate Division, for
the people.

*Roberta M. Gubbins*, for the defendant on appeal.

Before: KELLY, P.J., and GRIBBS and FITZGERALD, JJ.

KELLY, P.J. The prosecutor appeals as of right the October 1, 1997, judgment of sentence pertaining to defendant's conviction of criminal sexual conduct in the second degree involving a child under thirteen years of age, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). Defendant was found guilty by a jury of touching a seven-year-old girl on the buttocks several times after he helped her across a creek at a campground. Defendant was a stranger to the girl. The trial court sentenced defendant to two to fifteen years' imprisonment with 122 days' credit for time served. We affirm.

Defendant encountered the victim and her male six-year-old friend at a creek in the Cottonwood Campground on August 25, 1996. Defendant asked the children if they would help him collect firewood. Defendant carried each child across the creek on his shoulders—first the boy, and then the victim. At trial, the victim testified that as defendant was lowering her to the ground, he touched her quickly on her buttocks, which were covered by her swimsuit. She further testified that while she was picking up firewood, defendant again touched her in the same manner. At that point, the victim headed in the direction of the creek, but before she could cross, defendant touched her a third time in the same manner. She then pushed defendant away and ran across the creek to find her mother. She told her mother that someone had touched her in her private area.

An Ingham County Sheriff's deputy interviewed the victim, her friend, and her mother. The victim told the deputy that defendant touched her in her private area one time. The victim's friend could only corroborate that defendant carried them across the creek on his

shoulders. The sheriff's deputy located defendant in the campground. Defendant admitted when questioned that he carried the children across the creek on his shoulders, but denied touching them in any other way.

At the preliminary examination, the victim indicated for the first time that defendant touched her buttocks on three separate occasions. At trial, defendant did not take the stand. However, during closing arguments his counsel conceded that defendant had carried the children across the creek on his shoulders, but denied that any other contact had taken place. Defense counsel drew attention to the differences in the victim's accounts when interviewed by the sheriff's deputy and at the preliminary hearing and the trial. The jury returned a verdict of guilty.

A presentence investigation report (PSIR) was prepared by the probation department. A recommendation of five to fifteen years' imprisonment based on the sentencing guidelines was included in the report. The report noted that defendant had an extensive criminal record, including a conviction of attempted third-degree criminal sexual conduct involving a child, and that he was on parole for a breaking and entering conviction at the time of the instant offense. The trial court sentenced defendant to two to fifteen years' imprisonment with a recommendation for counseling.

The prosecution's sole claim on appeal is that the trial court erred in departing downward from the sentencing guidelines. We disagree. A sentence must be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1

(1990). The Michigan Sentencing Guidelines, while not legislatively mandated, nevertheless establish a useful "barometer" to measure the proportionality of a sentence. *Id.* If a sentence falls outside the guidelines range, there must be a specific explanation. *People v Fleming*, 428 Mich 408, 415; 410 NW2d 266 (1987). Moreover, "in the absence of factors not adequately reflected in the guidelines[,] [a departure] should alert the appellate court to the possibility that the trial court has violated the principle of proportionality and thus abused its sentencing discretion." *Milbourn, supra* at 660; *People v Houston*, 448 Mich 312, 321; 532 NW2d 508 (1995).

During sentencing, the trial court offered the following explanation for the downward departure from the sentencing guidelines:

> I have to put this offense in relationship to other offenses. A touching of the buttocks is clearly substantially different in my opinion from some of the more serious offenses that you will see. I mean, I have [seen] substantial contacts with the vagina, with the breasts, and other things.
>
> And in this case I have to at least think in terms of the spectrum of the cases that I see. I can't sentence the most harshly for the least offensive of those types of crimes. And so I have to at least consider the full ramifications of the sentencing process.
>
> That is not in any way, however, to take away the impropriety of your conduct. And one does not treat other individuals in an offensive fashion. And the legislature has defined what is offensive.
>
> And this means everything from a person, as I once had a student at Lansing Community College who touched another female student on the buttocks as she was going up some stairs. As long as it's for any sexual purpose it's, under the statute, an offense. In that case it might be CSC,

> fourth. But, nevertheless, it falls into a category of an inappropriate touching of another individual.
>
> And there may be people who do not understand this, but we're dealing here in particular with a younger child. And that has to be considered by the Court.
>
> Under theories of discipline, protection of society, deterrence of others, and within the discretion of this Court, it is the sentence of this Court that Mr. Kowalski be sentenced to the Michigan Corrections Commission for a period of not less than two nor more than fifteen years with a credit of 122 days.

This Court finds that the trial court adequately stated on the record its reasons for the downward departure. The trial court noted that the contact in the instant case, while prohibited by statute, was not as serious or severe as many other instances resulting in convictions under MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). Further, the court took into consideration the young age of the victim and the seriousness of defendant's actions.

Regarding the prosecution's claim that the trial court should have imposed a sentence that remained within the sentencing guidelines' proposed range of five to fifteen years' imprisonment, the Supreme Court has stated, "trial judges shall remain entitled to depart from the guidelines if the recommended ranges are considered an inadequate reflection of the proportional seriousness of the matter at hand." *Milbourn*, *supra* at 661. Further, "[j]ust as the guidelines may not be a perfect embodiment of the principle of proportionality, so too may a sentence within the guidelines be disproportionately severe or lenient." *Id.*

The sentencing of a defendant requires a trial court to rely on its experience as well as its overall percep-

tions adduced at trial. The trial court is in a unique position to weigh many intangibles apparent only to those present at a trial. The trial court must use its experience and perceptions in formulating a just sentence with the ultimate decision being reviewed for an abuse of discretion. *Id.* at 634. Further, we note that defendant was sentenced to a minimum of two years' imprisonment, while the guidelines recommended a minimum sentence of five years' imprisonment. The defendant was sentenced to a maximum of fifteen years' imprisonment, the same maximum recommended by the guidelines. In light of the limited invasiveness of the transgression, the considerable length of the recommended minimum sentence of five years established by the guidelines was comparable to sentence recommendations in many far more violent and reprehensible situations. The trial court's view of all aspects of the situation cannot be viewed as an abuse of discretion in that light. The court's downward departure from the guidelines was adequately supported by the trial court's articulation on the record. We find no abuse of discretion.

Affirmed.

FITZGERALD, J., concurred.

GRIBBS, J. *(dissenting).*I respectfully dissent. I agree with the prosecutor that defendant's sentence was disproportionately low.

Sexual touching of the buttocks, or clothing covering the buttocks, is specifically included in the offenses covered by the statute. See MCL 750.520c, 750.520a(c) and (k); MSA 28.788(3), 28.788(1)(c), and (k). The victim in this case was a seven-year-old child, dressed only in a two-piece bikini-style bathing

suit and sandals. The defendant, an adult stranger, gave the unattended victim and her six-year-old playmate a ride on his shoulders across a creek to the woods in the campground where they were playing. Defendant patted the victim on the buttocks as he put her down. Defendant asked the children to help him gather firewood and led them further into the woods. As he led them into the woods, defendant touched the victim's buttocks again. The child testified that she was "scared and mad," and she went back to the creek. There, defendant touched the frightened child's buttocks a third time. The victim pushed defendant away and ran crying across the creek to her mother. The jury convicted defendant of a sexual touching.

There are virtually no significant mitigating factors in this case. Defendant had a criminal record spanning twenty years, including three felony and four misdemeanor convictions, he had a juvenile record, and he was on parole at the time of the offense. This conviction was his second criminal sexual conduct conviction involving a child. The presentencing investigator termed defendant "a danger to the community." These factors should have been used to enhance, rather than lower, defendant's sentence. See *People v Parrish*, 216 Mich App 178, 185; 549 NW2d 32 (1996); *People v Nantelle*, 215 Mich App 77, 83; 544 NW2d 667 (1996); *People v Benson*, 200 Mich App 598, 608; 504 NW2d 911 (1993) (GRIFFIN, P.J., dissenting), rev'd 444 Mich 925 (1994) (for reasons stated in Judge GRIFFIN's dissent). The fact that defendant completed a substance abuse program, obtained his general equivalency diploma, and became employable are not, in my view, sufficient mitigating factors to justify

a departure from the guidelines recommendation in
this case.

I would vacate the judgment of sentence and
remand for resentencing.