*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* NDD, Minor.

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

NDD,

        Respondent-Appellant.

UNPUBLISHED
August 15, 2025
9:30 AM

No. 370602
Livingston Circuit Court
Family Division
LC No. 19-015969-DL

Before: GADOLA, C.J., and RICK and YATES, JJ.

PER CURIAM.

Respondent appeals as of right the order of the family division of the circuit court waiving jurisdiction in this matter to the court of general criminal jurisdiction for arraignment of respondent as an adult. We affirm.

## I. FACTS

In 2019, respondent, then age 12, was the subject of a petition in the family division of the circuit court in which he was alleged to have perpetrated fourth-degree criminal sexual conduct and assault and battery. He was found incompetent to stand trial and the charges were dismissed. In 2020, a petition was filed in the family division of the circuit court charging respondent with domestic violence involving his father; respondent pleaded guilty to a charge of disorderly person, MCL 750.167(1)(*l*). In 2021, at age 14, respondent was charged in separate petitions with two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a), one count of second-degree criminal sexual conduct, MCL 750.520c(1)(a), two counts of receiving and concealing stolen firearms, MCL 750.535b, and carrying a concealed pistol, MCL 750.227. Respondent was placed in a residential treatment program in May 2021. The petitions charging the criminal conduct were resolved by respondent pleading guilty to reduced charges in August 2021. After more than a year, respondent was discharged from the residential treatment program after it was determined that he

no longer was benefiting from the program. Respondent returned home in August 2022 and was released from probation in August 2023 without successfully completing the terms of probation.

In September 2023, the prosecution petitioned the family division of the circuit court for delinquency proceedings alleging that respondent and another person unlawfully had driven away go-carts, contrary to MCL 750.413, and also had marijuana in their possession. At that time, respondent was 17 years old. The prosecution moved the family division of the circuit court to waive its jurisdiction and transfer the proceedings to the criminal court for arraignment of respondent on criminal charges. After conducting the required waiver proceedings, the family division of the circuit court waived its jurisdiction, transferring the matter to the circuit court's general criminal jurisdiction. Respondent now appeals, challenging the waiver of jurisdiction.

## II. DISCUSSION

Respondent contends that the family division of the circuit court abused its discretion by waiving jurisdiction, which permits the prosecutor to charge respondent as an adult in criminal court. Respondent argues that the family division incorrectly evaluated the statutory factors when determining whether to waive its jurisdiction, and further argues that the waiver is a violation of his constitutional right to trial by jury. We disagree.

### A. STANDARD OF REVIEW

We review for an abuse of discretion the decision of the family division of the circuit court to waive jurisdiction in a juvenile matter alleging criminal conduct. See *People v Fultz*, 453 Mich 937, 937 (1996). A trial court abuses its discretion when it makes an error of law or when its decision falls outside the range of reasonable outcomes. *People v Oslund*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165544); slip op at 4-5. We review for clear error the factual findings of the family division of the circuit court. MCR 2.613(C). A finding is clearly erroneous if, after reviewing the entire record, we are definitely and firmly convinced that the trial court made a mistake. *People v Swenor*, 336 Mich App 550, 564; 971 NW2d 33 (2021). We review de novo the interpretation and application of a statute. *Oslund*, ___ Mich at ___; slip op at 5. We will not reverse or vacate a trial court's order unless refusing to do so appears to this Court inconsistent with substantial justice. MCR 2.613(A).

### B. WAIVER OF JURISDICTION

Generally, the family division of the circuit court has exclusive jurisdiction of a juvenile criminal offender. *Oslund*, ___ Mich at ___; slip op at 6, citing MCL 712A.2(a)(1) and MCL 764.27. Under MCL 712A.4(1), however, upon the prosecutor's motion, the family division of the circuit court may waive jurisdiction of a juvenile to the criminal division of the circuit court if

the juvenile is 14 years old or older and is accused of an act that would be a felony if committed by an adult.[1] *Oslund*, ___ Mich at ___; slip op at 6.

To determine whether to waive its jurisdiction, the family division of the circuit court conducts a waiver hearing in two phases. MCL 712A.4(3) and (4); MCR 3.950(D). In the first phase, the family division of the circuit court determines whether the prosecution has demonstrated probable cause to believe that the juvenile committed the offense. MCR 3.950(D)(1). During the second phase of the waiver proceeding, the family division of the circuit court determines whether waiver is in the best interests of the juvenile and the public by considering the criteria of MCL 712A.4(4). MCR 3.950(D)(2); *People v Williams*, 245 Mich App 427, 432; 628 NW2d 80 (2001). In making this determination, the circuit court is required to give greater weight to the seriousness of the alleged offense and the juvenile's prior record of delinquency than to the other criteria. MCL 712A.4(4); see *People v Whitfield (After Remand)*, 228 Mich App 659, 662 n 1; 579 NW2d 465 (1998).

The prosecuting attorney has the burden to establish by a preponderance of the evidence that waiver is in the best interests of the juvenile and the public. MCR 3.950(D)(2)(c). A preponderance of the evidence is evidence that, when weighed against the opposing evidence, "has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008) (quotation marks and citation omitted).

At the times relevant in this case, MCL 712A.4(4) provided:[2]

> Upon a showing of probable cause under [MCL 712A.4(3)], the court shall conduct a hearing to determine if the best interests of the juvenile and the public would be served by granting a waiver of jurisdiction to the court of general criminal jurisdiction. In making its determination, the court shall consider all of the following criteria, giving greater weight to the seriousness of the alleged offense and the juvenile's prior record of delinquency than to the other criteria:

> (a) The seriousness of the alleged offense in terms of community protection, including, but not limited to, the existence of any aggravating factors recognized by the sentencing guidelines, the use of a firearm or other dangerous weapon, and the impact on any victim.

> (b) The culpability of the juvenile in committing the alleged offense, including, but not limited to, the level of the juvenile's participation in planning

---

[1] This is referred to as a traditional waiver. The family division of the circuit court also may waive jurisdiction over a juvenile to the criminal division under MCL 764.1f, referred to as an automatic waiver. *Oslund*, ___ Mich at ___; slip op at 6.

[2] The order of waiver in this case was issued November 1, 2023, before the October 1, 2024 effective date of the amendment of MCL 712A.4(4) by 2023 PA 291.

and carrying out the offense and the existence of any aggravating or mitigating factors recognized by the sentencing guidelines.

(c) The juvenile's prior record of delinquency including, but not limited to, any record of detention, any police record, any school record, or any other evidence indicating prior delinquent behavior.

(d) The juvenile's programming history, including, but not limited to, the juvenile's past willingness to participate meaningfully in available programming.

(e) The adequacy of the punishment or programming available in the juvenile justice system.

(f) The dispositional options available for the juvenile. [MCL 712A.4(4), as amended by 1996 PA 409.]

In this case, respondent waived the first phase of the waiver hearing. In the second phase, after considering the testimony and the entirety of respondent's juvenile record, the family division of the circuit waived its jurisdiction under MCR 3.950(D)(1)(c)(ii), finding waiver to be in the best interests of respondent and the public. In making its decision, the family division of the circuit court reasoned:

Of the six factors, the court must give great[er] weight to the seriousness of the alleged offense and the juvenile's prior record of delinquency than to any other criteria. Under factor A, the court must weigh the seriousness of the alleged offense in terms of community protection including but not limited to the existence of any aggravating factors recognized by the sentencing guidelines, the use of a firearm or the dangerous weapon, and the impact on any victim. Here, the juvenile is currently 17 years of age and was 17 years of age when the alleged crime took place. The juvenile's charged with unlawful driving away of a motor vehicle. That vehicle being a go-cart, which is a felony which carries a maximum penalty of up to five years of incarceration if [respondent] were an adult. No weapon was used in the alleged crime. The court does find that the juvenile has a lengthy juvenile record which would favor a wavier into adult circuit court and at a hearing on August 1st of 2023, the juvenile was discharged from probation for maximum benefits received from that system. The record indicates multiple examples of non-compliance with probation orders, particularly with regard to failing to charge his tether and testing positive for the use of THC-containing products and/or failing to take drug tests.

This court does also take note in July of 2021, more specifically July 21st of 2021, the court did make findings that it was contrary to the welfare of the juvenile to remain in the home because of the juvenile's continued escalation of behavior, ongoing substance abuse, and failing to comply with tether requirements which would pose a substantial risk of harm to the juvenile and community's safety. The parents were unable to ensure that the juvenile complies with terms of probation and the law. The youth was a substantial and immediate risk to others and required

-4-

residential placement at that time. The court did note in that order, which is supplemental order of disposition of July 9th of 2021, that all reasonable efforts were made prior to the placement of [respondent] from his home, which included intensive probation, drug and alcohol testing, tether, substance abuse assessment referral, Midcourse Correction challenge camp, psychological evaluations and individual counseling.

Under factor B, the court must also weigh the culpability of the juvenile in committing the alleged offense including but not limited to the level [of] the juvenile's participating and planning and the carrying out of the offense and the existence of any aggravated or mitigating factors recognized by the sentencing guidelines. As the court previously indicated, the juvenile was 17 at the time the alleged crime occurred. Another individual was also involved and they were found to have vehicles, otherwise go-carts. Both attributed, both had the presence of marijuana on them at the time of the alleged arrest, or at the time of the arrest, for the alleged felony. This Court does find that factor B favors a waiver in adult circuit court as well.

Under factor C, the court must weigh factor C, the juvenile's prior record of delinquency including but not limited to any record of [detention], any police record, any school record, any other evidence indicating prior delinquent behavior. The prior record of the juvenile includes a charge of criminal sexual conduct fourth degree and assault and battery which is evidenced by petition one. It was dismissed when the juvenile was found . . . not to be competent to proceed. Further, the juvenile was charged with possession of marijuana on school property. It was requested that a ticket be issued for a civil infraction. Further, the juvenile was charged with domestic violence against his father in petition number two. This adjudication, [was] being a disorderly person, and the juvenile was put on probation. Other incidents include being charged with three counts of criminal sexual conduct third degree with person under 13 years of age, was evidenced by petition three. Two counts of receiving and concealing firearms and carrying concealed weapon which is petition number four. And there are at least two other indications of physical altercations with lack of charges issue[d] for inconclusive proof of lack of defense or of who was the initial aggressor. The court also heard testimony that there have been incidents within the home with [respondent's sister] before she moved out regarding potential domestic violence within the home. The court does find that the juvenile has a lengthy juvenile record which would favor a waiver into adult circuit court.

Under factor D, the court must also weigh the juvenile's programming history including but not limited to the juvenile's past willingness to participate meaningfully in available programing. The People indicated that the juvenile has been on probation since December 16th of 2020 until his discharge after a hearing for unsuccessfully completing – for unsuccessfully not completing the probation on August 1st of 2023. A multitude of services had been provided to the juvenile and he's been on waitlists for a second residential program until his discharge from probation. The court also heard testimony from Ms. Jennifer Weinman of DHHS

that [respondent] was placed with Bethany Christian Services for 18 to 24 months and that he reached max benefits in that residential placement service and was discharged. . . . Ms. Weinman also did indicate that all services were offered and were not beneficial to the juvenile. The court does find that the juvenile's program history would favor a waiver into adult circuit court.

Under factor E, the court must weigh factor E, the adequacy of the punishment or programming available in the juvenile justice system and finds that if adjudicated, there is . . . not sufficient programing available in the juvenile justice system, that this now 17 year old could benefit from. Since the juvenile's already been discharged from probation for having received maximum benefit he could achieve there from, the court does not find there is adequate programming available in the juvenile justice system which would favor a waiver into adult circuit court.

Under factor F, the court must also weigh the dispositional options available for the juvenile and finds the juvenile justice system could not place the juvenile into detention nor order the juvenile into any short term or long term secured or non-secured residential treatment program, which the court would find to be more beneficial than the options available in the adult justice system. The court does not find there are dispositional options available . . . in the juvenile justice system which would be beneficial to this juvenile that have not already been provided to him. The court does find that under factor F, this would favor a waiver into adult circuit court.

Based upon the preponderance of the evidence presented, the prosecution has met their burden for a traditional waiver. For these reasons, the People's motion for traditional waiver is granted. . . . The court does find that it is in the best interest of the juvenile and the public to waive jurisdiction over the juvenile. These findings of fact and conclusions of law form the basis for entry of the waiver, are here today on this record. The motion is granted and the matter's transferred to the general criminal jurisdiction for arraignment of [respondent].

Respondent contends that the circuit court did not adequately weigh the factors. With regard to factor (a), the seriousness of the offense, respondent argues that the circuit court did not specifically state that this factor favored waiver, and also erred by weighing this factor in favor of waiver given the lack of seriousness of the offense. We observe that the trial court found this factor to weigh in favor of waiver, noting in its discussion of factor (b) that factor (b) weighed in favor of waiver "as well," thereby indicating that factor (a) also weighed in favor of waiver. When considering the seriousness of the offense, the trial court noted that respondent allegedly stole a vehicle, here a go-cart, which is a felony carrying a maximum penalty of up to five years of incarceration if respondent were an adult. The trial court discussed that respondent did not use a weapon when allegedly committing the felony, but that he was 17 years old at the time of the alleged theft. While theft of a vehicle without other aggravating factors is not the most serious of offenses, we conclude that the offense combined with respondent's age is sufficiently serious that we cannot say that the circuit court clearly erred by weighing this factor in favor of waiver.

-6-

Factor (b) is the culpability of the juvenile in committing the alleged offense including but not limited to the level of the juvenile's participating, planning, and carrying out the offense and the existence of any aggravated or mitigating factors recognized by the sentencing guidelines. The circuit court determined that respondent's age and the "presence of marijuana" on respondent and his co-conspirator at the time of the arrests supported weighing this factor in favor of waiver. Respondent was 17 years old, and allegedly used marijuana and stole a go-cart. There is no indication of any facts mitigating respondent's culpability. We conclude that the circuit court did not clearly err by weighing this factor in favor of waiver.

Factor (c) is the juvenile's prior record of delinquency including but not limited to any record of detention, any police record, any school record, or any other evidence indicating prior delinquent behavior. Respondent's juvenile record includes charges of fourth-degree criminal sexual conduct and assault and battery that were dismissed after respondent was found not to be competent to proceed, possession of marijuana on school property, domestic violence resulting in a plea to a charge of disorderly person, allegations of two counts of first-degree criminal sexual conduct, one count of second-degree criminal sexual conduct, two counts of receiving and concealing stolen firearms, one count of carrying a concealed pistol, and other reports of physical altercations and domestic violence for which charges were not brought. The circuit court acknowledged that not all the reported conduct resulted in charges or convictions, but as directed by the statute the circuit court considered respondent's prior record of delinquency including but not limited to any record of detention, any police record, any school record, and any other evidence indicating prior delinquent behavior. We conclude that the circuit court did not clearly err by finding that factor (c) weighed in favor of waiver.

Factor (d) is the juvenile's programming history including but not limited to the juvenile's past willingness to participate meaningfully in available programming. The circuit court considered that respondent was on probation for almost three years before being discharged without successfully completing the probation requirements, and that numerous services had been provided to respondent without success or benefit to respondent, including a residential program for over a year. In light of the record, we conclude that the circuit court did not clearly err in determining that factor (d) favored waiver.

Factor (e) is the adequacy of the punishment or programming available in the juvenile justice system. The circuit court found that there was not sufficient programming available in the juvenile justice system for respondent given respondent's age. The circuit court noted that respondent had received all available juvenile services and was no longer benefitting from any of the juvenile programming, and concluded that this factor weighed in favor of waiver. In light of the juvenile services provided to respondent and respondent's failure to comply with and benefit from many of the services provided, we conclude that the circuit court did not clearly err by weighing this factor in favor of waiver.

Factor (f) is the dispositional options available for the juvenile. The circuit court found that the juvenile justice system could not provide respondent with a beneficial dispositional option. Although the circuit court opined that a short-term or long-term secured or non-secured residential treatment program would be more beneficial than the options available in the adult justice system, the circuit court reasoned that the options of the juvenile justice system already had been provided

to respondent without benefit.  In light of the record, we cannot conclude that the circuit court clearly erred by weighing this factor in favor of waiver.

Respondent also argues with regard to factor (f) that the circuit court erred by failing to weigh the possible juvenile dispositions against the services that could be offered to respondent in adult incarceration, a consideration that respondent asserts is required by *People v Dunbar*, 423 Mich 380, 388; 377 NW2d 262 (1985).  We disagree that the circuit court erred when weighing factor (f).  At the time *Dunbar* was issued, the statute relevant to juvenile waiver required the circuit court to consider "[t]he relative suitability of programs and facilities available to the juvenile and criminal courts for the child."  *Id*. at 386, quoting MCL 712A.4(4)(d), as amended by 1972 PA 265.  Although that language found in the earlier version of MCL 712A.4(4) since has been amended, the statement of the Court in *Dunbar* applying that version of the statute that "there must be evidence on the record, to which the probate court must refer, regarding the relative suitability of programs and facilities available in the juvenile and adult correctional systems" has not been specifically overruled.  See *Dunbar*, 423 Mich at 388.  In this case, the circuit court did not explicitly state the services available to defendant in criminal court, but the circuit court discussed in detail that no services available in the juvenile system would be adequate.  Under these circumstances, the trial court did not clearly err by failing to enumerate the services available in criminal court in comparison with non-existent services available for respondent in the juvenile system.

We conclude that the circuit court thoroughly addressed the statutory factors, including the inadequacy of programing options in the juvenile system, made findings based upon the record, and correctly gave the greatest weight to factor (a), the seriousness of the offense, and factor (c) the juvenile's prior record of delinquency.  We further conclude that the trial court did not err by finding that the statutory factors favored waiver, and that the trial court therefore did not abuse its discretion by waiving jurisdiction in this matter.  See *Fultz*, 453 Mich at 937.

## C. RIGHT TO JURY TRIAL

Respondent contends that Michigan's traditional waiver process violated his right to trial by jury.  He argues that because conviction as an adult would expose him to greater penalties than those imposed in juvenile proceedings, he was entitled to have a jury determine whether he should be waived into adult criminal court for prosecution.  We review respondent's unpreserved constitutional issue for plain error affecting respondent's substantial rights, meaning that the error affected the outcome of the lower court proceedings.  *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

In Michigan, "[i]t is well settled that 'the full panoply of constitutional rights' does not apply to juvenile proceedings."  *In re Whittaker*, 239 Mich App 26, 28; 607 NW2d 387 (1999), quoting *People v Hana*, 443 Mich 202, 225; 504 NW2d 166 (1993).  Once a juvenile is waived to an adult criminal court, the juvenile is afforded all appropriate constitutional protections, such as the right to trial by jury and the presumption of innocence.  *People v Parrish*, 216 Mich App 178, 182; 549 NW2d 32 (1996).  A juvenile waived into adult criminal court, however, is "not truly subjected to a harsher penalty because guilt is not yet established" at the time of waiver.  *Id*., quoting *Hana*, 443 Mich at 220.

Nonetheless, respondent contends that waiver into the adult criminal system increases his maximum potential punishment without the benefit of trial by jury and without the elements required for waiver being demonstrated beyond a reasonable doubt. Respondent relies upon *Apprendi v New Jersey*, 530 US 466, 490; 120 S Ct 2348; 147 L Ed 2d 435 (2000), particularly the Court's statement in that case that "[o]ther than the fact of a prior conviction, any fact that increases the penalty of a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Respondent misapprehends the rule of *Apprendi*, however.

In *Apprendi*, the defendant challenged the New Jersey statutory scheme that permitted the sentencing judge to impose punishment for a first-degree offense although the defendant had pleaded guilty to a second-degree offense. There, the defendant shot into the home of an African American family; he thereafter pleaded guilty to second-degree firearm charges. The prosecution then sought enhancement of the defendant's sentence under a hate-crime statute. After an evidentiary hearing, the trial court found that a preponderance of the evidence supported the finding that the defendant's actions were motivated by racial bias and imposed an enhanced sentence, thereby increasing the defendant's sentence on the count in question beyond the statutory maximum for that offense. The New Jersey appellate courts affirmed the enhanced sentence. The United States Supreme Court reversed, framing the question before it as "whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt." *Apprendi*, 530 US 469. It was in this context that the United States Supreme Court stated that "any fact that increases the penalty of a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See also *People v McBurrows*, 504 Mich 308, 320; 934 NW2d 748 (2019) (reasoning that a fact that if proved increases the prescribed range of penalties is not merely a sentencing consideration, but rather is essentially an element of the crime; "[a]n 'element' of a crime is any 'fact [] that increase[s] the prescribed range of penalties to which a criminal defendant is exposed.") *Id*., quoting *Apprendi*, 530 US at 490.

Respondent argues that he is likely to receive a harsher penalty if convicted as an adult than he would receive in juvenile court, and that therefore he is entitled to have the waiver determination made by jury and proved beyond a reasonable doubt. The family division's waiver of respondent to the criminal court, however, is not a *fact*. The waiver determination has no bearing on any element of the offense and is not a "factual determination" that increases respondent's penalty "beyond the prescribed statutory maximum." Indeed, respondent in this case has not yet been tried, with or without a jury, nor has he been convicted of or sentenced for any offense. The task before the family division of the circuit court was to determine whether to waive its jurisdiction over respondent in this case. The waiver of a juvenile respondent to criminal court is a procedural mechanism by which jurisdiction is transferred from the family division of the circuit court to the general criminal court; it is not a finding of any fact bearing on any element of the offense, nor is it a determination of guilt or the imposition of a sentence. By waiving its jurisdiction over respondent in this case, the circuit court did not stray into the realm of fact-finding addressed by the Court in *Apprendi*, nor did the circuit court otherwise violate respondent's right to a jury trial on whatever charge he may face in criminal court. Rather, the circuit court followed

the procedure mandated by statute when a prosecutor seeks traditional waiver of a juvenile respondent to general criminal court, which does not include a jury trial on the issue of waiver.

Affirmed.

/s/ Michael F. Gadola
/s/ Michelle M. Rick
/s/ Christopher P. Yates