PEOPLE v MOORER

Docket No. 221855. Submitted June 13, 2001, at Detroit. Decided July 17,
2001, at 9:00 A.M. Leave to appeal sought.

Cleveland Moorer, originally charged with first-degree murder, was
convicted by a jury in the Wayne Circuit Court, Maggie W. Drake,
J., of second-degree murder and was sentenced by the court to
imprisonment of forty to eighty-five years for suffocating his
twenty-one-month-old son. The defendant appealed.

The Court of Appeals *held*:

1. Error, if any, in the sufficiency at preliminary examination of
proof of premeditation in support of the charge of first-degree mur-
der was rendered harmless by the defendant's acquittal of first-
degree murder and conviction of second-degree murder.

2. Error, if any, from the trial court's denial of the defendant's
motion for a directed verdict of acquittal of first-degree murder
was harmless in light of the defendant's acquittal of first-degree
murder and conviction of second-degree murder, the latter being a
charge that was properly submitted to the jury.

3. The trial court, when sentencing the defendant, did not abuse
its discretion in departing from the sentencing guidelines recom-
mended sentence range of ten to twenty-five years of imprison-
ment. The trial court articulated on the record special characteris-
tics of the offense and the offender that justified the departure,
including the relationship between the victim and the defendant.
The trial court also considered the severity and nature of the crime
and the circumstances surrounding the criminal behavior in fash-
ioning the defendant's sentence.

Affirmed.

1. HOMICIDE — FIRST-DEGREE MURDER — PRELIMINARY EXAMINATION — SUFFI-
   CIENCY OF PROOFS.

   Error in the sufficiency of proofs at preliminary examination for
   bindover on a charge of first-degree murder is rendered harmless
   upon acquittal of first-degree murder and conviction of second-
   degree murder.

2. HOMICIDE — FIRST-DEGREE MURDER — TRIAL — SUFFICIENCY OF PROOFS.

    Error arising from the submission of a first-degree murder charge to the jury is rendered harmless upon acquittal of first-degree murder and conviction of the properly submitted charge of second-degree murder.

3. SENTENCES — PROPORTIONALITY.

    Sentencing decisions are reviewed for abuse of discretion; a trial court's sentence is an abuse of discretion if it violates the principle of proportionality, which requires that a sentence be proportionate to the seriousness of the circumstances surrounding the offense and the offender.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *James M. Surowiec*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*), for the defendant on appeal.

Before: SAWYER, P.J., and GRIFFIN and O'CONNELL, JJ.

O'CONNELL, J. Defendant appeals as of right from his conviction, following a jury trial, of second-degree murder, MCL 750.317. The trial court sentenced defendant to a term of forty to eighty-five years' imprisonment. We affirm.

Defendant was charged with first-degree premeditated murder, MCL 750.316, in connection with the suffocation death of his twenty-one-month-old son, Antonio. In a signed statement given to the police and introduced into evidence at trial, defendant admitted suffocating Antonio by holding his hand over his son's nose and mouth until he stopped crying. Defendant later led the police to an abandoned house where Antonio's burned body was found in a plastic garbage

bag. Following the preliminary examination, defendant filed a motion requesting that the circuit court quash the district court's bindover on the first-degree murder charge. This motion was denied and defendant was tried on the first-degree murder charge. At the close of the prosecution's proofs, defense counsel moved for a directed verdict of acquittal with regard to the first-degree murder charge. After denying the motion, the trial court instructed the jury that it could find defendant guilty of first-degree murder, second-degree murder, voluntary manslaughter, involuntary manslaughter, or not guilty. The jury convicted defendant of second-degree murder. Defendant first argues that the trial court erred in denying his motion to quash the district court's bindover on the first-degree murder charge. Specifically, defendant contends there was insufficient evidence of premeditation introduced at the preliminary examination to support the first-degree murder charge. Defendant does not dispute that the jury verdict of second-degree murder was supported by the evidence. Therefore any error in the sufficiency of the proofs at the preliminary examination is considered harmless. *People v Hall*, 435 Mich 599, 600-601; 460 NW2d 520 (1990); *People v Johnson*, 427 Mich 98, 116; 398 NW2d 219 (1986); see also *People v Meadows*, 175 Mich App 355, 359; 437 NW2d 405 (1989).

Defendant also contends that reversal is warranted because the trial court erred in denying his motion for a directed verdict of acquittal of the first-degree murder charge. Defendant does not dispute that the charge of second-degree murder was properly submitted to the jury. Accordingly, any error arising from the submission of the first-degree murder charge to

the jury was rendered harmless when the jury acquitted defendant of that charge. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). As our Supreme Court observed in *Graves*:

> [A] defendant has no room to complain when he is acquitted of a charge that is improperly submitted to the jury, as long as the defendant is actually convicted of a charge that was properly submitted to the jury. Such a result squares with respect for juries. Further, not to adopt this view is to countenance a misuse of judicial resources by automatically reversing an otherwise valid conviction. [*Id.* at 486-487.][1]

Finally, defendant challenges the trial court's departure from the recommended guidelines' range in imposing sentence. In defendant's view, the trial court imposed a sentence that was disproportionate to the circumstances of the offense and the offender. We

---

[1] Likewise, we reject defendant's assertion that the record contains persuasive indicia of jury compromise to the extent that a harmless error analysis is not applicable. Defendant points to *Graves*, arguing that reversal is warranted on the basis of jury compromise because the jury twice requested that the trial court repeat the instructions pertaining to the four alternate charges on which the jurors could have convicted defendant. In our opinion, "clear record evidence of unresolved jury confusion" as contemplated by *Graves* is not presented on this record. *Id.* at 488.

Significantly, the trial court instructed the jurors that they were not to compromise their views to reach a verdict. It is well settled that jurors are presumed to follow their instructions not to compromise their views. *Id.* at 485; see also *People v Hana*, 447 Mich 325, 351; 524 NW2d 682 (1994). Further, after the verdict was rendered and the jury was polled, each juror affirmed a verdict of second-degree murder. See *People v Ramsey*, 422 Mich 500, 517; 375 NW2d 297 (1985) (BRICKLEY, J.). On this record, we are not persuaded that the jury's request that the trial court repeat the pertinent instructions is evidence of unresolved jury confusion. That the jury asked questions during deliberations is not necessarily indicative of jury compromise. See, e.g., *People v Clark*, 172 Mich App 1, 5; 432 NW2d 173 (1988). We therefore decline defendant's invitation to engage in "judicial speculation" regarding whether the jurors compromised their views in spite of an express direction by the trial court to the contrary. *Johnson, supra* at 116, n 15.

disagree. We review sentencing decisions for abuse of discretion. *People v Fetterley*, 229 Mich App 511, 525; 583 NW2d 199 (1998). A trial court's sentence is an abuse of discretion if it violates the principle of proportionality, which requires that a sentence be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). In the present case, the trial court departed from the recommended guidelines' range in imposing a sentence of forty to eight-five years' imprisonment.[2] Although a trial court is permitted to deviate from the guidelines, a trial court's departure from the guidelines' recommended range based on factors already accounted for in the guidelines is subject to close scrutiny on appeal. *People v Rockey*, 237 Mich App 74, 79; 601 NW2d 887 (1999).

When presented with a departure from the sentencing guidelines, our initial consideration is "whether the case involves circumstances that are not adequately embodied within the variables used to score the guidelines." *Milbourn, supra* at 659-660. As our Supreme Court recognized in *Milbourn*, in certain cases important considerations may arise at sentencing that are not contemplated by the sentencing guidelines. *Id.* at 660. One such example is the prior relationship between the offender and the victim. *Id.* Specifically, the *Milbourn* Court, speaking through Justice BRICKLEY, opined:

> Perhaps the clearest example of such a factor is the prior relationship, if any, between the victim and the offender.

---

[2] The sentencing guidelines' recommended a sentence in the range of ten to twenty-five years' imprisonment.

> . . . A prior relationship between a victim and an offender can be a very mitigating circumstance or *a very aggravating circumstance,* depending upon the history of interaction between the parties. [*Id.* at 660-661 (emphasis supplied).]

With the foregoing principles in mind, we are satisfied that the trial court did not abuse its discretion in departing from the sentencing guidelines' recommended range. Contrary to defendant's assertion on appeal, the trial court articulated on the record "the special characteristics of the offense [and] the offender" that justified its departure from the guidelines' range. *People v Crear,* 242 Mich App 158, 170; 618 NW2d 91 (2000). Moreover, the trial court properly considered the "severity and nature of the crime and the circumstances surrounding the criminal behavior" in fashioning defendant's sentence. *People v Rice (On Remand),* 235 Mich App 429, 446; 597 NW2d 843 (1999). Specifically, the trial court noted the father-son relationship between defendant and Antonio and expressed its concern that defendant committed such a horrific crime on his own child. The court also took into account the "reprehensible" manner in which Antonio's body was burnt and discarded in a plastic garbage bag in a vacant house following his death. Further, the trial court properly considered Antonio's young age in relation to the seriousness of the offense. See, generally, *People v Kowalski,* 236 Mich App 470, 474; 601 NW2d 122 (1999).

We are also satisfied that the sentence imposed by the trial court is proportionate to the seriousness of the circumstances underlying this offense and the offender. *Milbourn, supra* at 636. "[T]he 'key test' of

proportionality is not whether the sentence departs from or adheres to the recommended range, but whether it reflects the seriousness of the matter." *People v Houston*, 448 Mich 312, 320; 532 NW2d 508 (1995). Testimony at trial revealed that after defendant and Antonio's mother quarreled, defendant took Antonio from their home without her consent, and kept the child from her for over a month, refusing to divulge Antonio's whereabouts. By his own admission, defendant smothered his twenty-one-month-old son. Antonio's killing occurred after his mother informed defendant that she did not want to continue their relationship. Evidence at trial revealed that Antonio's body was doused with gasoline, set aflame, placed in a garbage bag, and left in a vacant house. Further exacerbating the heinous details of this crime, defendant initially lied to both the police and Antonio's mother when questioned about the child's whereabouts.[3] The trial court properly considered these factors in imposing sentence. *People v Oliver*, 242 Mich App 92, 98; 617 NW2d 721 (2000). Under these circumstances, the trial court's imposition of sentence was not an abuse of discretion.

Affirmed.

---

[3] Defendant initially told the police and Antonio's mother that he placed the child in a taxicab to send him to a family member's home and had not seen him since that time.