# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 7, 2014

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

147533

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

          SC: 147533
          COA: 312933
          Wayne CC: 89-007735-FC

LEON ORLANDO ECHOLS,
          Defendant-Appellant.

_____/

      On order of the Court, the application for leave to appeal the June 18, 2013 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). However, the defendant may seek relief through an application for commutation pursuant to MCL 791.243, or, the Parole Board may initiate an application for commutation pursuant to MCL 791.244(2).

      CAVANAGH, J. (*dissenting*).

      I disagree with the decision to deny leave to appeal in this case. While I agree that defendant is not entitled to relief under MCR 6.508(D), I think that this is an exceptional case in which defendant's sentence is illegal. Therefore, I would grant defendant's application for leave to appeal under MCR 7.316(A)(7), vacate defendant's sentence, and remand to the trial court for resentencing.

      On June 14, 1989, the then 18-year-old defendant shot and killed a man during an altercation over the purchase of a vehicle. From the preliminary examination testimony,[1] it appears that a disagreement concerning payment between defendant (who was buying the car) and the victim (who was selling the car) escalated into a physical confrontation. Defendant was cut in the hand by the knife-wielding victim, and defendant's friend was also shot. The victim was shot twice by defendant: once in the shoulder and once in the head. A jury subsequently convicted defendant of second-degree murder and felony-firearm. Defendant's minimum sentence range under the judicial sentencing guidelines applicable at the time was 120 to 300 months (10 to 25 years); however, the trial court sentenced defendant to a prison term of 75 to 150 years for the murder conviction and a consecutive 2-year sentence for the felony-firearm conviction.

---

[1] The trial transcript and the sentencing transcript are both unavailable.

Defendant appealed, arguing, among other things, that he was entitled to resentencing under *People v Moore*, 432 Mich 311 (1989), because there is no reasonable probability that he would serve both his minimum and maximum sentences, the trial court failed to justify the upward departure, and the sentence was disproportionate. On February 6, 1992, the Court of Appeals affirmed defendant's conviction and sentence. *People v Echols*, unpublished opinion per curiam of the Court of Appeals, issued February 6, 1992 (Docket Nos. 124510 and 124515). Defendant did not seek leave to appeal in this Court. In September 2011, defendant filed a motion to correct an invalid sentence pursuant to MCR 6.429(A), which the trial court and the Court of Appeals denied under MCR 6.508(D).

Sentences must be proportionate. *People v Milbourn*, 435 Mich 630, 651 (1990). "[A] judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing." *Id.* In assessing proportionality, a court must consider both the background of the offender and the nature of the offense. Thus, "[t]he trial court appropriately exercises the discretion left to it by the Legislature *not by* applying its own philosophy of sentencing, but by determining where, on the continuum from the least to the most serious situations, an individual case falls and by sentencing the offender in accordance with this determination." *Id.* at 653-654.

Applying these principles, I believe that defendant's sentence is disproportionate. The sentence imposed by the trial court is a threefold upward departure from the high end of the guidelines. The reasons given for the upward departure on the sentencing departure form were "punishment and [to] protect society."[2] While under extreme circumstances such an upward departure may be proportionate, I do not think that the facts in this case present that situation. When defendant committed the offense he was only 18 years old and had one prior conviction for cocaine possession. Defendant's youth at the time of the offense and his lack of a violent history do not support the trial court's contention that he deserves abnormal punishment or that he poses a greater danger to society than others who have been convicted of second-degree murder. Nor does the nature of defendant's crime appear sufficiently worse than other second-degree murders.[3] Thus, while a departure from the sentencing guidelines may have been

---

[2] Because the sentencing transcript is no longer available, the reasoning the trial court placed on the record during sentencing cannot be evaluated.

[3] Compare the defendant's conduct in *People v James*, unpublished opinion per curiam of the Court of Appeals, issued April 28, 2009 (Docket No. 282280), lv den 485 Mich 927 (2009), with defendant's conduct in this case. In *James*, the defendant was sentenced to 70 to 150 years (virtually the same as what defendant received in this case) for a 1996 second-degree murder that involved killing an 11-year-old child and wounding a 15-year-

warranted in this case, the departure imposed by the trial court offends the principle of proportionality.

Additionally, *Moore* held that the Legislature has prescribed two types of sentences that can be imposed on a defendant for second-degree murder: a sentence of life in prison or a sentence of a term of years less than life. *Moore*, 432 Mich at 319; see, also, MCL 750.317; MCL 769.9(2). *Moore* explained that the Legislature has established that a defendant sentenced to life for second-degree murder is eligible for parole after 10

---

old child after the defendant shot at the victim's family members multiple times (including driving past the house and shooting guns into the air, chasing the victim's uncle through a field and shooting at him, and shooting at the uncle's friends sitting on the porch) because of a history of family disputes. The depravity of the defendant in *James* was far worse than that of defendant in this case.

Indeed, defendants in other cases whose conduct is arguably worse than defendant's conduct in this case received much lighter sentences. See, e.g., *People v Moorer*, 246 Mich App 680, 684-686 (2001) (affirming the defendant's sentence when he was sentenced to 40 to 85 years for second-degree murder after he kidnapped and smothered his 21-month-old son because the child's mother told the defendant that she did not want to continue a relationship with him), lv den 466 Mich 853 (2002); *People v Gaines*, unpublished opinion per curiam of the Court of Appeals, issued January 22, 2013 (Docket No. 308378) (affirming the defendant's sentence when he was sentenced to 30 to 60 years for a 1993 second-degree murder after he killed an 8-year-old child while shooting into a randomly chosen house because an accomplice was mad that he had been assaulted and robbed), lv den 494 Mich 857 (2013); *People v Hall*, unpublished opinion per curiam of the Court of Appeals, issued August 9, 2007 (Docket No. 269990) (affirming the defendant's sentence when he was sentenced to 32 to 50 years for a 1982 second-degree murder after he shot and killed the victim in order to take back money that the defendant had lost to the victim while gambling), lv den 480 Mich 1008 (2008).

Thus, while defendant may have deserved an upward departure, the extent of the upward departure is disproportionate to the crime. While the trial court may have been justified in imposing a lengthy sentence, setting the minimum of the term-of-years sentence at 75 years, effectively sentencing defendant to life in prison, is not proportionate to defendant's crime.

years. *Moore*, 432 Mich at 321; MCL 791.234(7)(a). Meanwhile, a defendant sentenced to a term of years for second-degree murder is not eligible for parole until the defendant has served the minimum term of imprisonment. *Moore*, 432 Mich at 322; see, also, MCL 791.233b. As I explained in *People v Merriweather*, 447 Mich 799, 813 (1994) (CAVANAGH, J., dissenting), the problem in this case is not new: because of the discrepancy in the sentencing scheme between life sentences and indeterminate sentences, a person serving a life sentence may come under the jurisdiction of the Parole Board more quickly than one serving an indeterminate sentence. While the sentencing judge or his successor has the authority to preclude parole for a defendant who is sentenced to life in prison, MCL 791.234(8)(c), the sentencing judge may not effectively sentence a defendant convicted of second-degree murder to a nonparolable life sentence by means of a lengthy term of years. *Moore*, 432 Mich at 324, 326. In my view, it is an abuse of discretion to deliberately sentence a defendant with the purpose of depriving the Parole Board of its jurisdiction. *Merriweather*, 447 Mich at 812 (CAVANAGH, J., dissenting).

In this case, I believe that the trial court abused its discretion by imposing a term-of-years sentence for the purpose of foreclosing defendant's eligibility for parole. Had defendant been given a life sentence or a term-of-years sentence in accordance with the sentencing guidelines, defendant would have been eligible for parole in 1999. Under the sentence imposed by the trial court, however, the earliest that defendant will be eligible for parole is 2064.[4] The trial judge had the option to sentence defendant to life in prison, which substantively would have had the same effect as defendant's 75- to 150-year sentence, except for defendant's eligibility for parole. Given the disproportionate upward departure that will effectively amount to a life sentence, the only purpose I can perceive for sentencing defendant to the unjustifiable lengthy term-of-years sentence was to improperly deprive the Parole Board of its legislatively prescribed jurisdiction over defendant.

I acknowledge that this Court is generally hesitant to venture beyond the confines of MCR 6.508(D). However, in rare cases such as this, I believe that it is the duty of this Court to exercise its powers under MCR 7.316(A)(7) and "grant relief as the case may require[.]" Therefore, I would vacate the defendant's sentence and remand to the trial court for resentencing.

---

[4] This assumes that defendant receives credit for all available disciplinary credits. See MCL 800.33.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 7, 2014



Clerk

s0304