# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JOSEPH GILBERT VILLALOBOS,

      Defendant-Appellant.

UNPUBLISHED
December 18, 2014

No. 318330
Lenawee Circuit Court
LC No. 11-015216-FH

Before: JANSEN, P.J., and TALBOT and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's imposition of five months' jail time as a component of his sentence for violation of his probation. On January 5, 2012, defendant was convicted by a jury of fourth-degree criminal sexual conduct, MCL 750.520e(1)(c). On February 29, 2012, defendant was sentenced to five years' probation and five months in jail, but the jail time was deferred until the end of his probation term. On September 26, 2012, defendant violated his probation by smoking marijuana. He was charged with a probation violation and, after pleading guilty to the probation violation, was sentenced to five months in jail, and with his probation being continued under the original terms and conditions imposed.

On appeal, defendant indirectly argues that the trial court relied on inaccurate information when it determined his sentence. Defendant also alleges that the trial court abused its discretion and violated his right to due process because it sentenced him to jail time instead of holding his jail sentence in abeyance pending completion of his court ordered drug treatment program. We disagree.

Defendant did not properly preserve his claim regarding the accuracy of the information the trial court relied upon in sentencing. To preserve a challenge to the accuracy of the information used to determine his or her sentence, a defendant must raise the issue "at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." MCL 769.34(10); see also *People v Jackson*, 487 Mich 783, 795; 790 NW2d 340 (2010). Defendant has done none of the above, nor has he pointed out, specifically, what information was inaccurate or demonstrated that the trial court relied upon any such inaccurate information in imposing sentence.

Defendant also did not raise his due process claim below. Unpreserved claims of due process violations are reviewed for plain error affecting substantial rights. *People v Shafier*, 483

-1-

Mich 205, 219; 768 NW2d 305 (2009). "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999)(internal citation and quotations omitted).

Generally, this Court reviews sentencing decisions for an abuse of discretion. *People v Moorer*, 246 Mich App 680, 684; 635 NW2d 47 (2001). "A trial court's sentence is an abuse of discretion if it violates the principle of proportionality, which requires that a sentence be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*.

In this case, we need not reach the merits of defendant's arguments, because his claim is moot. "It is well established that a court will not decide moot issues." *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010). An issue is moot once a judgment from the court can have no "practical legal effect upon a then existing controversy." *Id*. at 34-35. When a defendant challenges the length of his or her jail sentence on appeal, if that defendant has already served the alleged defective jail sentence, then it is impossible for this Court to fashion a remedy, and the issue is moot. Defendant was sentenced to five months in jail, with credit for 73 days served, on August 8, 2013. Defendant's brief on appeal was filed on January 15, 2014. By the time that his brief in this matter was filed, defendant's sentence at issue was complete.[1] Therefore, this Court cannot grant defendant the remedy he seeks, and his appeal is dismissed as moot.

Dismissed as moot.

/s/ Kathleen Jansen
/s/ Michael J. Talbot
/s/ Deborah A. Servitto

---

[1] Defendant is presently in custody. He was sentenced on March 12, 2014, for an additional probation violation, not at issue in the instant case, which occurred after he served his sentence stemming from the September 26, 2012, probation violation.