# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEANDRE LEE ARNOLD,

        Defendant-Appellant.

UNPUBLISHED
January 25, 2018

No. 333492
Macomb Circuit Court
LC No. 2015-001372-FC

---

Before: TALBOT, C.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

A jury acquitted defendant of an original charge of first-degree felony murder, MCL 750.316(1)(b), but convicted him of the lesser offense of second-degree murder, MCL 750.317. Defendant was sentenced to a term of 375 to 600 months in prison. He now appeals as of right, and we affirm.

Defendant's conviction arises from the February 21, 2015 stabbing death of Alexander Burkhardt in a laundromat parking lot behind a gas station. In a statement to the police, defendant said that he met the victim inside a gas station. Defendant and a codefendant, Jayvon Cates,[1] agreed to sell the victim pills and met him behind the gas station. Video surveillance footage showed that after defendant took the victim's money, the victim approached defendant, and defendant then admittedly stabbed the victim. The victim died from a stab wound to his chest.

## I. SELF-DEFENSE

Defendant argues that the trial court erred by denying his request to instruct the jury on self-defense. "We review a claim of instructional error involving a question of law de novo, but we review the trial court's determination that a jury instruction applies to the facts of the case for an abuse of discretion." *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of

---

[1] Cates was tried separately and convicted by a jury of voluntary manslaughter, MCL 750.321.

reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

"A criminal defendant is entitled to have a properly instructed jury consider the evidence against him." *Dupree*, 486 Mich at 712 (quotations marks and citation omitted). "A trial judge must instruct the jury as to the applicable law, and fully and fairly present the case to the jury in an understandable manner." *People v Waclawski*, 286 Mich App 634, 676; 780 NW2d 321 (2009). This Court considers jury instructions in their entirety to ascertain if error requiring reversal occurred. *People v Chapo*, 283 Mich App 360, 373; 770 NW2d 68 (2009).

The trial court denied defendant's request for an instruction on self-defense because it concluded that defendant was engaged in a crime at the time he stabbed the victim. When a defendant facing a homicide charge asserts self-defense, the finder of fact must decide whether "the accused, under all the circumstances of the assault, as it appeared to him, honestly [and reasonably] believe[d] that he was in danger of [losing] his life, or great bodily harm, and that it was necessary to do what he did in order to save himself from such apparent threatened danger[.]" *People v Riddle*, 467 Mich 116, 126-127; 649 NW2d 30 (2002) (quotation marks and citation omitted; third alteration in original). A defendant cannot claim statutory self-defense if he was "engaged in the commission of a crime at the time he . . . uses deadly force." MCL 780.972(1)(a). And pursuant to common-law self-defense principles, "[a] robber or other wrongdoer engaged in felonious conduct has no privilege of self-defense[.]" *People v Minor*, 213 Mich App 682, 686 n 1; 541 NW2d 576 (1995).

Because the evidence showed that defendant had assaulted the victim while committing a felony, the trial court correctly concluded that defendant was not entitled to assert self-defense. The record amply and unrebuttedly establishes that, at a minimum, defendant and Cates had intended to, and did, commit a larceny, MCL 750.357,[2] during which defendant stabbed the victim.

> To establish a larceny-from-the-person charge . . . , the prosecution must prove (1) the taking of someone else's property without consent, (2) movement of the property, (3) with the intent to steal or permanently deprive the owner of the property, and (4) the property was taken *from the person or from the person's immediate area of control or immediate presence.* [*People v Smith-Anthony*, 296 Mich App 413, 417; 821 NW2d 172 (2012), aff'd 494 Mich 669 (2013) (quotation marks and citation omitted).]

Defendant's statement to the police indicates that defendant and Cates took the victim's cash with the intent to steal it. Defendant told the police that he and Cates had agreed to sell the victim some pills, but they had "no pills and [*he and Cates] just went along with the plan to get a few bucks.*" The video surveillance footage and the officer's testimony about the video, that defendant and Cates approached the victim's truck and took $5 from the victim's hand while he

---

[2] MCL 750.357 provides, in pertinent part, that "[a]ny person who shall commit the offense of larceny by stealing from the person of another shall be guilty of a felony[.]"

sat in the truck, shows that "the property was taken *from the person or from the person's immediate area of control or immediate presence." Id.* (quotation marks and citation omitted).

The evidence also showed that defendant committed an armed robbery of the victim that also precluded his ability to argue self-defense. In *People v Gibbs*, 299 Mich App 473, 490-491; 830 NW2d 821 (2013), we summarized the elements necessary to prove armed robbery, MCL 750.529:

> (1) [T]he defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, . . . possessed a dangerous weapon[.] [Quotation and citation omitted.]

" '[I]n the course of committing a larceny' includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property." MCL 750.530(2). With respect to the larceny component of the statute defining both armed robbery and unarmed robbery in MCL 750.530, the elements of larceny are "(1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying way must be with a felonious intent, (4) the subject matter must be the goods or personal property of another, (5) the taking must be without the consent and against the will of the owner." *People v Cain*, 238 Mich App 95, 120; 605 NW2d 28 (1999) (quotation marks and citation omitted). Felonious intent means a specific intent "to steal another person's property." *Id.*; see also *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010).

As noted above, ample evidence established that defendant committed a larceny from the victim. It was also undisputed that defendant used a knife to stab the victim. Thus, the evidence showed that defendant used a knife "during the commission of the larceny," MCL 750.530(2), or "in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property." MCL 750.530(2). This evidence indicates that defendant "used force or violence against" the victim, and, "in the course of committing the larceny, . . . possessed a dangerous weapon." *Gibbs*, 299 Mich App at 490-491 (quotation marks and citation omitted).[3]

---

[3] The trial court did err to the extent that it found defendant was not entitled to assert self-defense because he had engaged in felonious drug selling at the time of the assault. Although defendant told the police that Cates had thrown "something" at the victim, defendant also stated that "there were no pills and [he and Cates] just went along with the plan to get a few bucks." No other evidence indicated that defendant or Cates were actually involved in the sale of drugs. But because the evidence showed that defendant was involved in other criminal activity at the time he used deadly force, we affirm the result reached by the trial in refusing to instruct the jury on self-defense. *People v Powell*, 303 Mich App 271, 279 n 1; 842 NW2d 538 (2013).

## II. DENIAL OF DEFENDANT'S MOTION FOR A DIRECTED VERDICT

Defendant next argues that the trial court erred in denying his motion for a directed verdict on the original charge of felony murder. Defendant argues that the prosecutor neglected to prove that he participated in a larceny, an element necessary to support a felony-murder conviction predicated on the underlying crime of robbery.

Even if we assume that the trial court erred in allowing the jury to consider the felony-murder charge, defendant was not prejudiced by the jury's consideration of that charge. MCL 769.26;[4] *People v Schaefer*, 473 Mich 418, 442-443; 703 NW2d 774 (2005) (pursuant to MCL 769.26, a presumption exists that "a preserved, nonconstitutional error is not a ground for reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome-determinative" and "undermined the reliability of the verdict") (quotation marks and citation omitted). The jury acquitted defendant of felony murder, and convicted him of the intermediate offense of second-degree murder. Because defendant does not challenge his conviction of second-degree murder, and because he was acquitted of felony murder, any error in submitting that charge to the jury was harmless. *People v Moorer*, 246 Mich App 680, 682; 635 NW2d 47 (2001).

## III. SENTENCING

Lastly, defendant argues that the trial court erred in assessing 25 points for offense variable (OV) 6 and assessing 15 points for OV 8 of the sentencing guidelines. He also argues that judicial fact-finding in scoring the offense variables violated his Sixth Amendment right to a jury trial. Defendant preserved his scoring challenges by objecting to the scoring of the OVs at sentencing. However, because defendant did not raise his Sixth Amendment argument below, it is unpreserved and reviewed only for plain error affecting defendant's substantial rights. *People v Lockridge*, 498 Mich 358, 392-393; 870 NW2d 502 (2015).

We reject defendant's argument that the trial court violated his Sixth Amendment rights by relying on judge-found facts to score the OVs. In *Lockridge*, 498 Mich at 364, our Supreme Court held that "the rule from *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000), as extended by *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), applies to Michigan's sentencing guidelines and renders them constitutionally deficient" because of "the extent to which the guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that

---

[4] MCL 769.26 provides:

No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

*mandatorily* increase the floor of the guidelines minimum sentence range[.]" To remedy this violation, the Court severed MCL 769.34(2) to the extent that it makes a sentencing guidelines range based on judge-found facts mandatory, and held that a guidelines range calculated in violation of *Apprendi* and *Alleyne* is advisory only. *Lockridge*, 498 Mich at 364-365. As this Court explained in *People v Biddles*, 316 Mich App 148, 158; 896 NW2d 461 (2016), "[t]he constitutional evil addressed by the *Lockridge* Court was not judicial fact-finding in and of itself, it was judicial fact-finding in conjunction with *required* application of those found facts for purposes of increasing a *mandatory* minimum sentence range." Indeed, the Court in *Lockridge* expressly stated that its holding "does nothing to undercut the requirement that the highest number of points possible *must be* assessed for all OVs, whether using judge-found facts or not." *Lockridge*, 498 Mich at 392 n 28.

Defendant was sentenced almost a year after *Lockridge* was decided. A trial court is presumed to know the law unless the contrary is clearly shown. *People v Alexander*, 234 Mich App 665, 675; 599 NW2d 749 (1999). Defendant does not contend that the trial court was unaware of *Lockridge*, and nothing in the record suggests that the court did not understand that the guidelines were only advisory. Accordingly, there is no merit to defendant's argument that the trial court erred by relying on judge-found facts to score the guidelines.

Turning to defendant's scoring challenges, we review for clear error the trial court's factual findings and to ascertain if the findings are "supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, . . . the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

MCL 777.36(1)(b) authorizes the court to assess 25 points for OV 6 when "[t]he offender had unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result." Pursuant to MCL 777.36(2)(b), the trial court shall score 10 points "if a killing is intentional within the definition of second degree murder or voluntary manslaughter, but the death occurred in a combative situation or in response to victimization of the offender by the decedent."

A preponderance of the evidence supports the trial court's assessment of 25 points for OV 6. The jury convicted defendant of second-degree murder, which required the prosecutor to prove the intent necessary for a 25-point score for OV 6. See *People v Werner*, 254 Mich App 528, 531; 659 NW2d 688 (2002). Defendant admitted having a knife when he and Cates planned to steal the victim's money during a phony drug sale. Defendant also acknowledged that he retrieved the knife during the assault and pushed it toward the victim. Video surveillance also in large part supports defendant's statements. This evidence supports the trial court's finding that defendant acted with the "unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm

was the probable result." MCL 777.36(1)(b). Accordingly, the trial court properly assessed 25 points for OV 6.[5]

Defendant argues that the trial court should not have assessed any points for OV 8. The trial court assessed 15 points for OV 8 on the basis that defendant and Cates enticed the victim behind the gas station where the assault occurred. MCL 777.38(1)(a) authorizes the scoring of 15 points for OV 8 when "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." "Asportation" can take place "without the employment of force against the victim." *People v Spanke*, 254 Mich App 642, 647; 658 NW2d 504 (2003), overruled in part on other grounds by *People v Barrera*, 500 Mich 14, 17 (2017)..

We conclude that a preponderance of the evidence established that defendant and Cates persuaded the victim to meet at a "place of greater danger or . . . a situation of greater danger" behind the gas station. MCL 777.38(1)(a). The surveillance footage revealed that defendant and the victim conversed inside the gas station. Defendant and Cates then walked behind the gas station, and the victim drove his truck from the gas pump to the more secluded area behind the gas station. The robbery occurred behind the gas station. The trial court properly scored 15 points for OV 8 because the victim was "moved, even if voluntarily, to" the more secluded area behind the gas station where the assault happened. *Spanke*, 254 Mich App at 648.

Affirmed.


/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien

---

[5] The trial court properly rejected defendant's argument that a combative situation had existed, considering the lack of an injury on defendant after the assault, and his apparent lack of knowledge whether the victim possessed a weapon during the assault. Moreover, the surveillance footage showed defendant stabbed the victim while he sat in his truck. In light of the lack of evidence substantiating the existence of a combative situation, the trial court did not err in overruling defendant's request that it assess 10 points for OV 6.