*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 2, 2020

Plaintiff-Appellee,

v

No. 347412
Macomb Circuit Court

JOSHUA DAVID BOSHELL,

LC No. 2018-001439-FH

Defendant-Appellant.

Before: STEPHENS, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 375 to 600 months' imprisonment for the second-degree murder conviction, and 24 months' imprisonment for the felony-firearm conviction. On appeal, defendant argues the trial court erred in denying his motion for directed verdict on the first-degree murder charge. He further asserts that his conviction of second-degree murder arose from an impermissible compromise verdict. He asks for a new trial. Defendant further argues that the trial court imposed an unreasonable and disproportionate sentence, and therefore, is entitled to resentencing. We affirm.

## I. BACKGROUND

This case arises out of the death of defendant's wife, Kristi Boshell (Kristi). Kristi had a long-standing alcohol disorder at the time of her death. Kristi and defendant lived together before their marriage. After the marriage Kristi's contact with her family lessened. According to her father, defendant did not like her to have frequent family contact. Several months before her death, Kristi called her parents and informed them that defendant had threatened to kill her. Both Kristi's parents and her son called the Shelby Township Police Department to express their concerns about her welfare and inform them that Kristi was being threatened.

Shortly after midnight on the day of her death Kristi, sounding intoxicated, called her father and informed him that defendant was in the shower, so she could talk privately. Kristi repeated

-1-

that she "had to get out," but did not express that defendant threatened her that evening. About an hour later, defendant called 911 to report that Kristi had shot herself. When the responding officers arrived at the home of Kristi and defendant, they were met with an intoxicated defendant. They found Kristi's lifeless body on the floor of the couple's bedroom with a handgun on her leg and her wedding ring and a gun holster on the couple's bed. Kristi was pronounced dead at the scene. Defendant initially stated to the police officers that Kristi grabbed defendant's weapon in the master bedroom, took off her wedding ring, put it on the bed, got on the bed and stated "you can do better" before shooting herself in the head. However, the autopsy indicated there was no evidence that the gun was shot within close range, and her death was ruled a homicide. Defendant was charged with first-degree murder and felony-firearm.

At the conclusion of the prosecution's case, defendant moved for a directed verdict to dismiss the first-degree murder charge. Defendant argued that the prosecution presented insufficient evidence of premeditation or deliberation to present the first-degree murder charge to the jury. The trial court denied defendant's motion for a directed verdict. The judge instructed the jury on first-degree murder and second-degree murder.

After jury deliberations, defendant was found guilty of the lesser included offense of second-degree murder, as well as guilty of felony-firearm. This appeal ensued.

## II. DISCUSSION

Defendant argues that the trial court erred by denying his motion for a directed verdict regarding the first-degree murder charge, and that he is entitled to reversal and a new trial as a result of jury compromise on his second-degree murder conviction. Defendant further argues that the sentence he received was unreasonable and disproportionate, and that his sentence is capable of appellate review because MCL 769.34(10) was rendered invalid by our Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). We disagree.

### A. JURY COMPROMISE

Defendant argues that the trial court erred in denying his motion for a directed verdict with regard to the first-degree murder charge because there was insufficient evidence presented of premeditation and deliberation. While defendant was acquitted of this charge, he asserts that the denial of his motion for directed verdict did not constitute harmless error because his second-degree murder conviction indicated an impermissible jury compromise. Defendant contends that he is entitled to reversal of the second-degree murder conviction and a new trial in which the first-degree murder charge is not placed before the jury. We disagree.

The standards for evaluating the evidence in a motion for a directed verdict of acquittal are the same as those involving a challenge to the sufficiency of the evidence. *People v Powell*, 278 Mich App 318, 320 n 1; 750 NW2d 607 (2008). In appellate review of a trial court's decision on a motion for a directed verdict, the record is reviewed de novo in order "to determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt." *Id.* "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594,

619; 751 NW2d 57 (2008). "All conflicts in the evidence must be resolved in favor of the prosecution." *Id*. Circumstantial evidence and reasonable inferences derived from such evidence may constitute sufficient proof of the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). This Court will reverse a trial court's finding of fact only if "this Court is left with a definite and firm conviction that a mistake has been made." *People v Brown*, 205 Mich App 503, 505; 517 NW2d 806 (1994).

Defendant first argues that the trial court erred in denying his motion for a directed verdict on first-degree murder. "The elements of first-degree murder are (1) the intentional killing of a human (2) with premeditation and deliberation." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010), citing MCL 750.316(1)(a). "To 'premeditate' is to 'think about beforehand' and to 'deliberate' is to 'measure and evaluate the major facets of a choice or problem.'" *People v Oros*, 502 Mich 229, 240; 917 NW2d 559 (2018) (citation omitted). "Since the distinguishing elements of first-degree murder ultimately resolve themselves into questions of fact, minimum standards of proof, if reasonably related to the circumstances which must be proved, will serve to preserve the distinction between first-degree and second-degree murder." *Id*. at 241, quoting *People v Morrin*, 31 Mich App 301, 328; 187 NW2d 434 (1971). "Premeditation and deliberation may be established by an interval of time between the initial homicidal thought and ultimate action, which would allow a reasonable person time to subject the nature of his or her action to a 'second look.'" *Id*. A brief moment of thought, or a matter of seconds, may constitute premeditation and deliberation. *Id*. "Premeditation may be established through evidence of the following factors: (1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." *People v Anderson*, 209 Mich App 527, 537; 531 NW2d 780 (1995).

There was sufficient evidence for the trial court to submit the charge of first-degree murder to the jury. Defendant's opposing argument is based solely on premeditation. Therefore, for the purposes of this appeal the defendant does not challenge whether there was sufficient evidence of homicide and intent. In addition to the evidence of a threat to Kristi's life, within months of the murder there was testimony concerning the defendant's conduct after the shooting. Specifically, there was testimony that Kristi's body was moved post-mortem. As to pre-offense conduct, Kristi's father testified that Kristi told him in a telephone call that defendant was in the shower at least 50 minutes before the 911 call was made. While the murder weapon was found on Kristi's lap, a trove of other weapons was found in the residence. It was a reasonable inference that the weapon found on Kristi's lap had also been in the safe or was in the holster found on the bed and that defendant had to exit the shower, obtain the handgun from its location, and remove it from its holster before shooting Kristi. *Oros*, 502 Mich at 247 ("While we are incapable of pinpointing the exact moment defendant thought about killing the victim and measured and evaluated his choices, the inference may be drawn that his decision to kill the victim and his evaluation of his options arose separately before he obtained a lethal weapon."). This suggested that defendant had the requisite brief moment of thought to contemplate his actions before shooting Kristi. Further, post-mortem examination significantly contradicted defendant's initial explanation to the 911 operator and responding police officers, that Kristi shot herself, and instead indicated a homicide. The placement of the handgun on Kristi's body suggested that the placement of her body had been altered by defendant after she was shot. *People v Unger*, 278 Mich App 210, 223-227; 749 NW2d

272 (2008) (finding that circumstantial evidence, such as lying, can establish a defendant's intent to kill).

Taken together and viewed in a light most favorable to the prosecution, the evidence and defendant's testimony supported a finding that defendant had the opportunity to take a second look after he removed the handgun from its placement in the home and its holster. Therefore, viewed in the light most favorable to the prosecution, the evidence was sufficient to support submitting the charge of first-degree murder to the jury.

Finding no error in the denial of the directed verdict the "impermissible compromise" argument as to second-degree murder also fails. "[A] defendant has no room to complain when he is acquitted of a charge that is improperly submitted to a jury, as long as the defendant is actually convicted of a charge that was properly submitted to the jury." *People v Graves*, 458 Mich 476, 486-487; 581 NW2d 229 (1998). Thus, when a defendant does not dispute that a second-degree murder charge was properly submitted, and that defendant is acquitted of a first-degree murder charge, "any error arising from the submission of the first-degree murder charge to the jury was rendered harmless when the jury acquitted defendant of that charge." *People v Moorer*, 246 Mich App 680, 682-683; 635 NW2d 47 (2001). "If, however, sufficiently persuasive indicia of jury compromise are present, reversal may be warranted in certain circumstances." *Graves*, 458 Mich at 487-488. A different result may be reached "where the jury is presented an erroneous instruction, and: 1) logically irreconcilable verdicts are returned, or 2) there is clear record evidence of unresolved jury confusion, or 3) as the prosecution concedes in the alternative, where a defendant is convicted of the next-lesser offense after the improperly submitted greater offense." *Id*.

Defendant does not contest that the charge of second-degree murder was properly submitted to the jury. Defendant nevertheless contends that reversal is necessary because his conviction of second-degree murder evidences an impermissible jury compromise between first-degree murder and voluntary manslaughter. Defendant was indeed convicted of second-degree murder, the next-lesser offense after the allegedly improperly submitted greater offense of first-degree murder, and thus his conviction may theoretically indicate jury compromise under the third circumstance contemplated in *Graves*. *Graves*, 458 Mich at 487-488. However, defendant failed to demonstrate that "sufficiently persuasive indicia of jury compromise" were present as required to warrant reversal. *Id*. Defendant argues, without factual support, that the decision to convict him of second-degree murder may have been a compromise, "with some jurors wanting to convict on manslaughter, but ultimately agreeing to split the difference and convict on second-degree[.]" Such a contention is solely speculative.

Furthermore, the trial court instructed the jury that it must have a unanimous verdict representative of the individual considered judgment of each juror, and instructed the jurors not to compromise their views solely for the sake of reaching a verdict. "It is well established that jurors are presumed to follow their instructions." *Id*. at 486. Additionally, after the verdict was rendered and the jury was polled, each juror affirmed the verdict of second-degree murder. Therefore, there is no basis on this record to find that the second-degree murder conviction was the result of jury compromise.

## B. PROPORTIONALITY OF SENTENCE

-4-

Defendant argues that has sentence was unreasonable and disproportionate. Defendant further alleges that MCL 769.34(10) was rendered invalid by our Supreme Court's decision in *Lockridge*. We disagree.

"This Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018), citing *Lockridge*, 498 Mich at 365; see also *People v Lampe*, 327 Mich App 104, 125-126; 933 NW2d 314 (2019). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). An abuse of discretion occurs when the trial court violates the principle of proportionality or fails to "provide adequate reasons for the extent of the departure sentence implied." *Id*. Furthermore, an abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes. *People v Blanton*, 317 Mich App 107, 117; 894 NW2d 613 (2016). "The trial court's fact-finding at sentencing is reviewed for clear error." *Lampe*, 327 Mich App 104, 125-26; 933 NW2d 314 (2019). "We review de novo questions of law, including the interpretation of statutory and constitutional provisions." *People v Odom*, 327 Mich App 297, 303; 933 NW2d 719 (2019).

A trial court has discretion to sentence a defendant within the range authorized by law. *Alleyne v United States*, 570 US 99, 116; 133 S Ct 2151; 186 L Ed 2d 314 (2013); *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). Before our Supreme Court's decision in *Lockridge*, the legislative sentencing guidelines were binding on trial judges. *Lockridge*, 498 Mich at 387, citing MCL 769.34(2). Although *Lockridge* severed MCL 769.34(2) to the extent that it made the calculated guidelines sentence range mandatory, the guidelines remain advisory and "[s]entencing courts must . . . continue to consult the applicable guidelines range and take it into account when imposing a sentence." *Lockridge*, 498 Mich at 392; see also *Steanhouse*, 500 Mich at 469-470, 474-475.

Sentences imposed post-*Lockridge* that deviate from the sentencing guidelines are evaluated for reasonableness under the principle of proportionality first articulated in *Milbourn*:[1] a sentence imposed by a trial court must "be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 472; see also *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), overruled by statute as recognized in *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011), adopted in *Steanhouse*, 500 Mich at 471-475. This is, in part, a reflection of the long-standing history of the principle of proportionality in our jurisprudence and its incorporation in the sentencing guidelines: "Under our system of sentencing, this principle of proportionality is first entrusted to the Legislature, which is tasked with 'grading the seriousness and harmfulness of a given crime and given offender within the legislatively authorized range of punishments.' " *Odom*, 327 Mich App at 314, quoting *People v Dixon-Bey*, 321 Mich App 490, 524; 909 NW2d 458 (2017) (citation and quotation marks omitted); see also *Steanhouse*, 500 Mich at 472. Thus, "a sentence within the Legislature's guidelines range is presumptively proportionate [,]" *Odom*, 327 Mich App at 315, and "[a]ccording

---

[1] *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), overruled by statute as recognized in *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011), adopted in *People v Steanhouse*, 500 Mich 453, 471-475; 902 NW2d 327 (2017).

-5-

to *People v Lockridge*, this Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *Anderson*, 322 Mich App at 636. "When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Schrauben*, 314 Mich App at 196, citing MCL 769.34(10).

Defendant does not dispute that his sentence falls within the controlling guidelines range for second-degree murder, and recognizes that MCL 769.34(10) bars resentencing absent a showing the trial court committed a scoring error or relied on inaccurate information when imposing his sentence. Therefore, under *Schrauben*, defendant is not entitled to resentencing. *Schrauben*, 314 Mich App at 196.

Defendant, however, still contends that, after our Supreme Court's decision in *Lockridge*, the first sentence of MCL 769.34(10) is no longer valid. MCL 769.34(10) provides, in pertinent part:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.

Defendant argues this portion of MCL 769.34(10) has been rendered invalid by *Lockridge* because it imposes a mandatory, irrebuttable presumption of reasonableness for sentences imposed within the guidelines. Because *Lockridge* declared the legislative sentencing guidelines to be advisory, defendant asserts there can be no mandatory presumption of reasonableness, and there must be a mechanism for rebutting the presumption. In support of this contention, defendant asserts that *Schrauben*, 314 Mich App at 196, did not address whether MCL 769.34(10) survives the ruling in *Lockridge*, but rather assumed without analysis that sentences within the guidelines range must be affirmed absent a scoring error or reliance on inaccurate information.

Contrary to defendant's assertions, *Schrauben* did address the status of MCL 769.34(10); although without supporting analysis: *Schrauben* states that "*Lockridge* did not alter or diminish MCL 769.34(10)." *Schrauben*, 314 Mich App at 196 n 1. Statutes are presumed to be constitutional and are construed accordingly unless their unconstitutionality is clearly apparent. *People v Vronko*, 228 Mich App 649, 652; 579 NW2d 138 (1998). According to *Schrauben*, because defendant's sentence falls within the applicable guidelines range, and defendant does not allege a scoring error or reliance on inaccurate information in determining that sentence, this Court must affirm defendant's sentence under MCL 769.34(10). While there has been some question regarding the constitutionality of MCL 769.34(10) post-*Lockridge*, this Court follows published opinions under principles of stare decisis.[2] MCR 7.215(J)(1). This Court is thus bound by the published decision in *Schrauben*, 314 Mich App 181. See MCR 7.215(C)(2).

---

[2] In *People v Ames*, 501 Mich 1026; 908 NW2d 303 (2018), our Supreme Court directed oral argument on the application for leave to appeal in that case to consider whether MCL 769.34(10) has been rendered invalid by *Lockridge*. After hearing oral argument, our Supreme Court denied

-6-

Defendant nevertheless asserts that his sentence presents the "unusual circumstances" contemplated in *Milbourn*, which found that "even a sentence within the sentencing guidelines could be an abuse of discretion in unusual circumstances." *Milbourn*, 435 Mich at 661. Specifically, "under 'unusual circumstances,' a sentence within the guidelines range may 'be disproportionately severe or lenient,' which would result in a sentence that violates the principle of proportionality even though it is within the guidelines range." *People v Steanhouse*, 322 Mich App 233, 239 n 3; 911 NW2d 253 (2017), vacated in part on other grounds 504 Mich 969; 933 NW2d 276 (2019), quoting *Milbourn*, 435 Mich at 661; see also *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000) ("In order to overcome the presumption that the sentence [within the guidelines range] is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate."). Defendant argues that because his sentence presents "unusual circumstances," as contemplated by *Milbourn*, he should be subject to resentencing regardless of MCL 769.34(10). *Milbourn*, 435 Mich at 661.

As discussed earlier, "[b]ecause the trial court sentenced [defendant] within the applicable sentencing guidelines range, this Court need not evaluate [defendant's] sentences for reasonableness and must affirm his sentences unless there was an error in the scoring or the trial court relied on inaccurate information." *Anderson*, 322 Mich App at 636. But even if this Court were to review defendant's sentence for reasonableness, defendant's argument lacks merit. While what constitutes "unusual circumstances" has not been explicitly defined, several pre-*Lockridge* cases have held that the term necessarily indicates that the presumption of proportionality can only be overcome under rare and exceptional conditions, and these circumstances must be considered in the context of defendant's offenses. See *People v Sharp*, 192 Mich App 501, 505; 481 NW2d 773 (1992); *People v Bowling*, 299 Mich App 552, 558-559; 830 NW2d 800 (2013).

Defendant solely claims that his within-guidelines sentence is disproportionate because the trial court failed to properly account for his alleged lack of "significant criminal history." Defendant's criminal history was known and considered by the trial court, because it was identified in defendant's presentence investigation report, or otherwise discussed at sentencing. Defendant has not articulated why his lack of prior felony convictions is sufficiently unusual to overcome the presumption of proportionality. See *People v Piotrowski*, 211 Mich App 527; 536 NW2d 293 (1995) (finding that young age, lack of criminal record, and ill-devised crime did not constitute unusual circumstances); see also *People v Daniel*, 207 Mich App 47; 523 NW2d 830 (1994) (finding that defendant's employment, lack of criminal history, and minimum culpability were not unusual circumstances). Furthermore, defendant's sentence for second-degree murder must be considered in the context of defendant's offenses. *Bowling*, 299 Mich App at 558-559. The trial court explicitly mentioned that defendant's criminal history included a plea conviction of domestic violence, and heard victim impact statements from Kristi's family members regarding defendant's history of abusing Kristi in their relationship and marriage. The trial court reasonably concluded

---

leave to appeal in that case. *People v Ames*, 504 Mich 899; 929 NW2d 283 (2019). Nevertheless, the Supreme Court's decision to deny leave to appeal has no precedential value. See *Nuculovic v Hill*, 287 Mich App 58, 68; 783 NW2d 124 (2010); see also MCR 7.305(H)(3) ("If leave to appeal is denied after a decision of the Court of Appeals, the Court of Appeals decision becomes the final adjudication and may be enforced in accordance with its terms.").

that defendant's history of abusive behavior posed a hazard to the community. Therefore, defendant has not presented unusual circumstances that would make his presumptively proportionate sentence disproportionate.[3]

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien
/s/ James Robert Redford

---

[3] While defendant does not explicitly assert that his sentence constitutes a violation of the guarantee against "cruel and unusual punishment" provided by the United States Constitution and the guarantee against "cruel or unusual punishment" provided by the Michigan Constitution, defendant's sentence is constitutionally proportionate for analogous reasons. US Const, Am VIII; Const 1963, art 1, § 16. A proportionate sentence cannot be cruel or unusual under the Michigan Constitution, *People v Powell,* 278 Mich App 318, 323; 750 NW2d 607 (2008), and is therefore also not cruel or unusual under the United States Constitution, see *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011). Because defendant has not overcome the presumption that his sentence was proportionate, it does not violate any constitutional prohibition against cruel or unusual punishment.