*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 19, 2024

Plaintiff-Appellant,

v

No. 368554
Saginaw Circuit Court
LC No. 22-049792-FH

RAEQUIN RASHADE SCOTT,

Defendant-Appellee.

Before: RICK, P.J., and MURRAY and MALDONADO, JJ.

MURRAY, J. (*dissenting*).

The majority holds that the jury reached inconsistent verdicts when it convicted defendant of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, but could not reach a verdict on the charge of assault with a dangerous weapon (felonious assault), MCL 750.82, because the inconsistency was the result of jury confusion. Because the record belies the conclusion that jury confusion led to the verdict, and therefore the trial court's decision was an abuse of discretion, I respectfully dissent.

In reviewing this issue, it is critical to place the questions in context of what had already occurred. First, there is no dispute that the jury was properly instructed, and that when the jurors asked the four questions during deliberations, the court provided (after consultation with counsel) answers to the jury's questions. Second, there is no argument that the answers provided were not accurate. Third, the jury was instructed not to compromise their views and to render a unanimous verdict, and was polled after the verdict and all agreed with the verdict rendered.

The record also reflects that the jury was faced with the odd, but perfectly legal, situation where it could convict defendant of felony-firearm without convicting him of felonious assault, the underlying felony. See *People v Lewis*, 415 Mich 443, 453-454; 330 NW2d 16 (1982) (stating "it is both within the letter of the statute and the spirit of the legislative purpose to construe the statute as providing for the imposition of sentence in a case where the jury convicts of felony-firearm but acquits of the underlying felony"). This inconsistency in the verdict, which again was permitted by Supreme Court precedent, alone cannot carry defendant's burden of showing the

-1-

verdict was the result of confusion. *People v Montague*, 338 Mich App 29, 51; 979 NW2d 406 (2021).

Jurors are, of course, free to ask the court questions during deliberations, and doing so "is not necessarily indicative of jury compromise" or confusion. *People v Moorer*, 246 Mich App 680, 683 n 1; 635 NW2d 47 (2001), citing *People v Clark*, 172 Mich App 1, 5; 432 NW2d 173 (1988). Here, the record reflects that the jury sent a note to the court regarding the seemingly contradictory nature of the felony-firearm instruction which, again, was consistent with controlling law. The court acknowledged the "somewhat contradictory" nature of the instruction, but informed the jury that it was permitted by law. The court then reread the felony-firearm instruction to the jury.

The only other relevant note sent by the jury requested information about self-defense, but nothing was provided since defendant had never requested that defense instruction, a rational view of the evidence did not support a self-defense instruction, and the prosecution did not have an opportunity to present evidence or arguments on the matter.

This is the sum total of questions posed by the jury, and all they reflect are questions about the apparent internal inconsistency (but legal inconsistency), in the felony-firearm instruction, and whether self-defense was at issue. Those questions do not present clear evidence of confusion, but instead show that the jury "kn[e]w what it was doing," *Lewis*, 415 Mich at 450 n 9, as it carefully listened to and read the instruction, and saw the inconsistency. But once the court instructed the jury that it was a lawful, permissible inconsistency to reach, no other questions on the subject were asked. And, the verdict reached was consistent with that outcome, i.e., it convicted defendant of felony-firearm without convicting him of felonious assault.[1] The same holds true with the jury asking about the availability of self-defense—it carefully reviewed the evidence, and apparently thought that defendant may have acted in that manner. But, having been denied information about that defense, it was left to the instructions provided, which presumably it followed. To conclude that the verdict was a product of confusion, on this record, is based upon improper speculation.

There is no doubt, as ably argued by defendant, that the trial court's decision is afforded deference by this Court, because the governing standard of review is abuse of discretion.[2] But an abuse of discretion occurs where a trial court grants a new trial when neither the law nor facts support a new trial under the court rules. See *People v Owens*, 338 Mich App 101, 113; 979 NW2d 345 (2021).

I would reverse the trial court's order.

/s/ Christopher M. Murray

---

[1] Importantly, it is reasonable to conclude that the jury was already leaning this way, as why else would it ask whether it could, under the given (and correct) instruction, convict defendant of felony-firearm without a conviction of felonious assault?

[2] There is also no doubt that the judge deciding the motion was not the judge who presided over the trial.